# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3582

_____

Patricia Jetton,                              *
                                              *
        Appellant,                       *
                                               *     Appeal from the United States
    v.                                     *  District Court for the
                                              *     Eastern District of Missouri.
McDonnell Douglas Corporation,        *
                                                    *
        Appellee.                        *

_____

Submitted: May 23, 1997

Filed: August 13, 1997

_____

Before BEAM, Circuit Judge, HENLEY, Senior Circuit Judge, and LOKEN,
    Circuit Judge.

_____

HENLEY, Senior Circuit Judge.

    Patricia Jetton was employed by McDonnell Douglas for eleven years before being laid off.  She brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that her discharge was the result of sex

discrimination.  The district court[1] granted summary judgment to McDonnell Douglas, finding that Jetton had failed to respond to the company's motion for summary judgment and concluding that Jetton had failed to establish any genuine issue of fact for trial. We affirm.

**STANDARD OF REVIEW**

We review a grant of summary judgment de novo and under the same standard which governed the district court's decision.  <u>Lenhardt v. Basic Inst. of Technology</u>, 55 F.3d 377, 379 (8th Cir. 1995).  The question is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Maitland v. University of Minnesota</u>, 43 F.3d 357, 360 (8th Cir. 1994).

**BACKGROUND**

Jetton was employed by McDonnell Douglas as a clerical worker in its maintenance garage which serviced the company's own fleet of planes and cars.  She was the only female worker in the maintenance garage which did not have separate restroom facilities for women.

Jetton was discharged by McDonnell Douglas in January 1991 as part of a company-wide reduction in force attributed by McDonnell Douglas to a general financial crisis including the loss of several government contracts.  A total of 5,000 employees were laid off as part of the same reduction in force, including eight workers in the maintenance garage -- seven men and Ms. Jetton.

Jetton filed suit alleging sex discrimination on October 28, 1994. Jetton's

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

complaint contended that she was singled out for dismissal because she was a woman rather than because her skills were no longer needed. She alleged that after her dismissal her job functions were taken over by a male employee who was transferred in from another area of the company and who was less qualified for the job. She charged that the company took this action at least in part to save it the expense of constructing a separate restroom for women in the maintenance garage and thus that the discharge was at least in part based on her sex.

Trial was set for August 26, 1996, and the court ordered all motions to dismiss or for summary judgment to be filed not later than 60 days prior to trial. On June 27, 1996, McDonnell Douglas filed a motion for summary judgment and memorandum and affidavits in support.

Eastern District of Missouri Local Rule 4.01(B) provided that Jetton had 20 days from service to file a response to the motion for summary judgment, but she filed no response. On July 29, 1996, the court granted McDonnell Douglas' motion for summary judgment. On August 2, 1996, Jetton filed a motion to set aside the grant of summary judgment and attached thereto her response to the motion for summary judgment. This document was returned to her unfiled. The motion to set aside summary judgment was then denied.

On appeal, Jetton asserts that (1) the district court's local rules requiring a response to a motion for summary judgment to be filed within 20 days and providing that motions may be decided without argument are in conflict with Fed. R. Civ. P. 56; and (2) disputed issues of material fact exist which preclude the grant of summary judgment.

**APPLICABLE LAW**

Under Title VII it is an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The order and allocation of proof in this type of case are governed by the familiar three-stage, burden-shifting test as set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See also St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993).[2] At bottom, we must determine whether Ms. Jetton presented sufficient evidence of intentional discrimination by the company to create a genuine issue of fact for trial. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1337 (8th Cir. 1996).

**DISCUSSION**

Jetton's principal contention on appeal is that it was unjust for the district court to grant summary judgment based only on the company's motion, supporting

---

[2]We have recently explained the McDonnell Douglas test as follows:

At the first stage, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. The prima facie case, in the absence of an explanation from the employer, creates a presumption that the employer unlawfully discriminated against the employee. If the plaintiff establishes a prima facie case, the burden of production shifts at the second stage to the defendant, who must articulate some legitimate, nondiscriminatory reason for the adverse employment action. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted and drops from the case. The burden then shifts back at the third and final stage to the plaintiff, who is given the opportunity to show that the employer's proffered reason was merely a pretext for discrimination. The plaintiff retains at all times the ultimate burden of persuading the trier of fact that the adverse employment action was motivated by intentional discrimination.

Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1332 (8th Cir. 1996) (citations omitted). See also Ryther v. KARE 11, 108 F.3d 832, 836 (8th Cir.) (en banc), cert. denied, 1997 WL 181004 (1997).

memorandum, and affidavits without first obtaining a response from Jetton. Jetton contends that the ultimate sanction of summary judgment should not be granted for mere failure to comply with a local procedural rule, such as the rule setting 20 days for response to the motion for summary judgment.

Jetton's attorney apparently (and mistakenly) believed that summary judgment would not be granted by the court without first holding a hearing, and counsel was caught off guard when summary judgment was granted on the papers with no hearing ever scheduled. Jetton asserts that to apply the local rules in such a way as to cut off her chance to respond to the summary judgment motion puts them in conflict with the language and purpose of Federal Rule of Civil Procedure 56 which sets forth the general parameters for motions for summary judgment.

Federal Rule of Civil Procedure 56(b) provides in relevant part: "A party against whom a claim . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b). Fed. R. Civ. P. 56 (c) goes on to specify that:

> The motion [for summary judgment] shall be served at least 10 days before the time fixed for the hearing. **The adverse party prior to the day of hearing may serve opposing affidavits.** The judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c) (emphasis supplied).

Eastern District of Missouri Local Rule 4.01(B) sets forth the relevant time period for a response to a motion for summary judgment: "A party opposing a motion for summary judgment under Fed. R. Civ. P. 56 shall file a memorandum and any

-5-

appropriate documentary evidence twenty (20) days after being served with the motion."  E. D. Mo. L. R. 4.01(B).  Eastern District of Missouri Local Rule 4.02(A) also specifically provides that a motion -- such as one for summary judgment -- shall be decided on the papers without oral argument unless the court in its discretion chooses to order oral argument: "Motions in civil cases shall be submitted and determined upon the memoranda without oral argument.  The Court may in its discretion order oral argument on any motion."  E. D. Mo. L. R. 4.02(A).  And Rule 4.02 further provides with respect to oral argument on motions: "A party requesting the presentation of oral argument or testimony in connection with a motion shall file such request with its motion or memorandum briefly setting forth the reasons which warrant the hearing of oral argument or testimony."  E.D. Mo. L. R. 4.02(B).

Jetton  contends that the language of Rule 56(c) providing that responses to summary judgment motions  must be filed "prior to the day of hearing" means that Rule 56 contemplates that summary judgment will not be granted unless a hearing on the motion is held first.  Jetton contends that to the extent local rules 4.01 and 4.02 operate to dispense with a hearing on the motion for summary judgment they are in conflict with Rule 56.

RULE 4.01
We believe that, contrary to Jetton's contention, Local Rule 4.01 is not in conflict with Federal Rule 56 but merely supplements the Federal Rule by setting forth the specific time (20 days) for a response to a motion for summary judgment to be filed in the  Eastern District of Missouri.  Such local rules in aid of federal procedural rules and laws of Congress are specifically authorized by Federal Rule of Civil Procedure 83(a)(1).[3]  See also 28 U.S.C. § 2071; McKee v. Bi-State Development Agency, 801

---

[3]Rule 83 provides in relevant part:

(a) Local Rules. (1) Each district court, acting by a majority of its district judges, may, after giving appropriate public notice and an opportunity for comment, make and amend rules governing its practice.  A local rule shall be consistent with -- but not duplicative of -- Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075 . . . .

Fed. R. Civ. P. 83(a)(1).

F.2d 1014, 1017 (8th Cir. 1986).  One of the most common types of local rules -- such as Rule 4.01 here -- are rules on when and how motions are to be presented and heard, 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3154, at 235 (1973), and such rules have routinely been upheld, id.  See Ivy v. Kimbrough, 115 F.3d 550, 551-52 (8th Cir. 1997).  A local rule of a district court has the force of law, Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1046 (2d Cir. 1991); see also 14 James Wm. Moore, Moore's Federal Practice § 83.20 (3d ed. 1997), and the parties are charged with knowledge of the district court's rules the same as with knowledge of the Federal Rules and all federal law.  Id. at § 83.34.  Fed. R. Civ. P. 83(b).

RULE 4.02

When Federal Rule 56(c) states that "[t]he adverse party prior to the day of hearing may serve opposing affidavits," we believe that this language merely sets forth the latest time when the motion can be opposed -- the day of hearing; it does not mandate a hearing. Thus, the provision in Local Rule 4.02 stating explicitly that a motion may be decided on the papers without oral argument does not conflict with Rule 56.  Indeed, Federal Rule 78 specifically provides that "[t]o expedite its business, the [district] court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."  Fed. R. Civ. P. 78.  Moreover, we have on at least three prior occasions upheld local district court rules which provided that oral argument on summary judgment motions could be deemed waived unless affirmatively requested as provided by the local rule. Ivy v. Kimbrough, 115 F.3d at 551-52; Parish v. Howard,

-7-

459 F.2d 616, 619-20 (8th Cir. 1972); Bagby v. United States, 199 F.2d 233, 235-37 (8th Cir. 1952).

This interpretation of Rule 56(c) is explicitly reinforced by the language of Rule 56(e), which provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, a party in Ms. Jetton's position may not rest on her complaint alone but must introduce affidavits or other evidence to avoid summary judgment. As the Supreme Court has made clear, Rule 56

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Even assuming that Jetton's complaint made out a prima facie case of sex discrimination, McDonnell Douglas' motion for summary judgment, memorandum in support, and supporting affidavits set forth a legitimate nondiscriminatory explanation for the company's discharge of Ms. Jetton as part of a larger reduction in force. It was then up to Ms. Jetton to offer or point to evidence which would rebut the company's nondiscriminatory rationale for her discharge and to show that the nondiscriminatory rationale was merely a pretext for discrimination. Rothmeier, 85 F.3d at 1332.

-8-

Ms. Jetton's counsel, however, failed to follow the local rule requiring the submission of opposing memoranda and affidavits within 20 days. Thus, the district court was faced with ruling on the company's motion for summary judgment with substantial evidence of a nondiscriminatory reason for the discharge on one hand and only the bare averments of the complaint on the other. Based on this record, the district court was correct to find that there were simply no disputed issues of material fact to be resolved at a trial. See Ivy v. Kimbrough, 115 F.3d at 551-52.

**CONCLUSION**

We agree with the ruling of the district court that on this record McDonnell Douglas was entitled to judgment as a matter of law.

For the reasons stated herein, the judgment of the district court is in all respects affirmed.[4]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[4]Appellee's motion to strike a portion of appellant's appendix is hereby overruled as moot.