989 F.Supp. 1222 (1997)
Julius TURNER, Plaintiff,
v.
ST. LOUIS COUNTY, MISSOURI, Defendant.
No. 4:96 CV 963 DDN.
United States District Court, E.D. Missouri, Eastern Division.
December 19, 1997.
*1223 Martha A. Michaels, Polster and Lieder, St. Louis, MO, for plaintiff.
Julius Turner, St. Louis, MO, pro se.
Patricia J. Redington, Assoc. Cty. Counselor, Eva C. Konieczny, St. Louis County Counselor Office, Clayton, MO, for Defendant.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the court upon the motion of defendant for summary judgment (Doc. No. 30). The parties have consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge. 28 U.S.C. § 636(c).
Plaintiff Julius Turner commenced this action against St. Louis County, Missouri,[1] seeking relief under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12213; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-5; Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634; and 42 U.S.C. § 1981. In his first amended complaint, plaintiff alleges that he was unlawfully dismissed from his position with the St. Louis County Police Department based on disability, age and race.
Defendant has moved for summary judgment on all counts. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). The nonmovant's evidence is to be believed and all justifiable inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, in the employment discrimination context "summary judgments should be used sparingly." Chock v. Northwest Airlines, 113 F.3d 861, 862 (8th Cir. 1997); Crawford v. Runyon, 37 F.3d 1338, 1341 (8th Cir.1994).
Title VII of the Civil Rights Act of 1964 prohibits employment discrimination on the basis of race, gender, religion or national origin. The order and allocation of proof in cases where there is no direct evidence of discrimination is governed by the three-stage burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). See Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 425 (8th Cir.1997). This analysis is also used for claims under 42 U.S.C. § 1981, the ADEA, and the ADA. Roxas v. Presentation College, 90 F.3d 310, 315 (8th Cir. 1996); Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 776 (8th Cir.1995); Price v. S-B Power Tool, 75 F.3d 362, 364-65 (8th Cir.1996), cert. denied, ___ U.S. ___, 117 S.Ct. 274, 136 L.Ed.2d 197 (1996).
Initially, the plaintiff must establish a prima facie case of discrimination; if done, the burden shifts to the defendant employer, who must articulate a legitimate, nondiscriminatory reason for the adverse employment action, in order to rebut a presumption of discrimination; if done, the presumption drops, and plaintiff has the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision, *1224 i.e., may prove pretext. Williams v. Ford Motor Co., 14 F.3d 1305, 1309 (8th Cir.1994). However, at all times, the plaintiff retains the ultimate burden of persuasion to show the adverse employment action was a result of intentional, unlawful discrimination. Kobrin v. University of Minnesota, 121 F.3d 408, 413-14 (Kobrin II) (8th Cir.1997). To succeed against a motion for summary judgment, plaintiff must present sufficient evidence of intentional discrimination by defendant to create a genuine issue of fact for trial. Rothmeier v. Investment Advisers, Inc., 85 F.3d 1328, 1337 (8th Cir.1996).
Plaintiff alleges that he is a black man, aged 54 and that in March 1991 he was diagnosed as suffering from memory deficits, bipolar affective disorder and manic depression. He alleges that he was granted sick leave and then leave of absence without pay. He further alleges that on January 1, 1995, he was dismissed from his job, although he was qualified, able, ready and willing to return to work. He also alleges that white persons and younger persons with comparable disabilities were treated differently and that they were granted longer periods of extended medical leave and were permitted to return to work in a job which they could perform with reasonable accommodations. He alleges that defendants refused to make reasonable accommodations and treated him differently because of his age, race and disability.
He further alleges that he was the object of abusive racial epithets on a regular basis in the presence of higher officials. He alleges that this behavior worsened soon after a commissioned police commander was appointed to oversee his bureau. He alleges that he was suddenly forced to produce an unreasonable quantity of work in an inadequate period of time, and that all of these factors contributed to his deteriorating mental condition.
Defendant contends that it did not discriminate against plaintiff on the basis of age, race or disability, that he can show no evidence such discrimination, and that he voluntarily subjected himself to defendant's well-understood policy of construing the actions of an employee in plaintiff's situation as resignation without notice.
For the purposes of summary judgment, the evidence is examined in a light most favorable to plaintiff. The undersigned finds that plaintiff's allegations, supported by testimony in affidavits, and the undisputed facts of the conditions under which plaintiff was discharged constitute enough to satisfy the elements of plaintiff's prima facie case, and further create evidence from which an inference of illegal discrimination may reasonably be drawn. There are genuine issues of material fact in dispute, the merits and credibility of which may only be evaluated by the finder of fact at trial. See Miners v. Cargill Communications, Inc., 113 F.3d 820 (8th Cir. 1997), cert. denied, ___ U.S. ___, 118 S.Ct. 441, 139 L.Ed.2d 378 (1997).
Defendant contends that plaintiff is estopped from alleging violations of the ADA because he previously admitted an inability to work (in his worker's compensation litigation); therefore, he cannot meet the ADA requirement that he was qualified for work when fired. Defendant refers the Court to Dush v. Appleton Electric Co., 124 F.3d 957 (8th Cir.1997) and Budd v. ADT Security Systems, Inc., 103 F.3d 699 (8th Cir.1996) (per curiam). Plaintiff counters that these cases do not create a per se defense of estoppel, and the undersigned agrees. Plaintiff contends that he can produce evidence that while he was unable to work during the period for which he sought worker's compensation benefits, his condition was such that he was subsequently able and willing to work. Pl.Mem., Doc. No. 33, at 5. The Eighth Circuit has instructed that "special attention must be given to the circumstances" in evaluating such an issue. Dush, at 963. In any event, the Circuit has explicitly declined to hold that a per se defense of estoppel exists under such conditions. Id., at n. 8 ("[T]he issue, at least for the time being, remains open in our Circuit"). See also Bizelli v. Amchem, 981 F.Supp. 1254, 1257-58 (E.D.Mo.1997).
For these reasons, the motion of defendants for summary judgment is denied. An appropriate order is issued herewith.
NOTES
[1] Defendant St. Louis County Police Department was dismissed pursuant to Court order. Doc. No. 34.