# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3416

_____

| | | |
|---|---|---|
| Rebecca Howard, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Boatmen's National Bank of | * | Eastern District of Missouri |
| St. Louis, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:  September 25, 2000

Filed:  September 29, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Rebecca Howard appeals from the final judgment entered in the District Court[1]
for the Eastern District of Missouri, granting summary judgment to Boatmen's National
Bank of St. Louis (Boatmen's) in her employment discrimination action.  In August
1996, while her charge before the Equal Employment Opportunity Commission

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern
District of Missouri.

(EEOC) was pending, Howard relocated and did not provide the EEOC with her new address. On May 7, 1997, the EEOC sent Howard a right-to-sue letter, but it was returned with a note that Howard had moved and had left no forwarding address. Howard filed her suit on September 4, some 120 days after the EEOC sent the right-to-sue letter, indicating in her unverified complaint that an EEOC representative had told her she could file her complaint within ninety days of the day she actually received the letter at her new address. The district court granted summary judgment for Boatmen's, concluding that Howard's complaint was filed untimely, and that she was not entitled to equitable tolling because she had failed to notify the EEOC of her address change. For reversal, Howard argues the district court abused its discretion in declining to apply equitable tolling, because (1) she was proceeding pro se at the time she filed her suit, and (2) she was misled by the information the EEOC representative provided her. For the reasons discussed below, we affirm the judgment of the district court.

Although Howard was proceeding pro se, "[c]ourts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." See Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). We agree with the district court that, although Howard was proceeding pro se, notifying the EEOC of her address change, which was her duty, was a task within her control. See 29 C.F.R. § 1601.7(b) (2000) (Title VII plaintiff has responsibility to provide EEOC with notice of any address change); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands."), cert. denied, 498 U.S. 1026 (1991).

We also agree with the district court that Howard did not provide any evidence beyond her unsubstantiated, unverified complaint allegation, of the EEOC representative's alleged advice. See Fed. R. Civ. P. 56(e); Jetton v. McDonnell

Douglas Corp., 121 F.3d 423, 427 (8th Cir. 1997) (when motion for summary judgment is made, nonmoving party may not rest on complaint alone and "must introduce affidavits or other evidence to avoid summary judgment"). Accordingly, we affirm the district court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.