# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1059

_____

Keithen L. Jones,                                    *
                                                     *
        Appellant,                            *
                                                     *
    v.                                       *
                                                     *
Randy Johnson, Sheriff, Pulaski                      *
County; Polk, Chief, Pulaski County                  *
Jail; - Smith, Major, Pulaski County                 *
Jail; Elizabeth Taylor, Supervisor,                  *    Appeal from the United States
I.P.O.; Rodney Ford, Area                            *    District Court for the
Supervisor, Arkansas Department of                   *    Eastern District of Arkansas.
Community Correction; Andrea Carter,                 *
I.P.O., Arkansas Department of                       *         [UNPUBLISHED]
Community Correction; Ms. Lancaster,                 *
I.P.O., Arkansas Department of                       *
Community Correction; Emerine,                       *
Supervisor, Arkansas Department of                   *
Community Correction; Boyce Hamlett,                 *
I.P.O., Arkansas Department of                       *
Community Correction; Mrs. Laws,                     *
I.P.O., Arkansas Department of                       *
Community Correction; Mr. Williams,                  *
Hearing Examiner, Post Prison                        *
Transfer Board; Leroy Brownlee,                      *
Chairman, Post Prison Transfer Board,                *
                                                     *
        Appellees.                            *

_____

Submitted:  June 19, 2006
Filed:   July 6, 2006
_____

Before ARNOLD, MAGILL, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Keithen Jones, an Arkansas prisoner, appeals the district court's preservice dismissal without prejudice of his 42 U.S.C. § 1983 action for failure to comply with a local rule.  Mr. Jones moves to proceed in forma pauperis (IFP) on appeal.  Leaving fee collection to the district court, we grant Mr. Jones IFP status, and we reverse.

While confined at the Arkansas Department of Community Correction Omega Technical Violator Center (TVC), Mr. Jones sought to proceed IFP on his section 1983 complaint.  On August 17, 2005, a magistrate judge granted Mr. Jones IFP status, and a copy of the IFP order was mailed to Mr. Jones at TVC but was returned "refused."  The magistrate judge soon received a letter from the TVC supervisor stating that Mr. Jones had been released on August 15.  On October 13, the district court dismissed the complaint because Mr. Jones had "failed to keep the Court apprised of his most current address."  On October 20, Mr. Jones advised the court that he was housed at the Pulaski County Detention Facility (PCDF).  He later submitted grievance documents showing that from September 19 to November 2 he had been housed at PCDF, where indigent detainees had to wait thirty days to receive a stamped envelope.

In support of its dismissal, the district court cited Uniform United States District Court Rules for Arkansas, Local Rule 5.5(c)(2), which states that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties

-2-

to the proceedings of any change in his or her address," and "[i]f any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice." Local rules have the force of law, and parties are charged with knowledge of them. See Jetton v. McDonnell Douglas Corp., 121 F.3d 423, 426 (8th Cir. 1997). We review a district court's application of its local rules for abuse of discretion. See Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721, 725 (8th Cir. 2003).

By not sending an address change for more than two months after his release from TVC, Mr. Jones technically violated his duty under the local rule to "promptly notify" the court of his change of address. The local rule does not authorize dismissal for such a violation, however. It authorizes dismissal for failure to respond to a court communication within thirty days, but the dismissal here was preceded only by the August 17 IFP order, which Mr. Jones may not have received and which, in any event, did not require a response. We therefore conclude the district court abused its discretion in dismissing Mr. Jones's action.

Accordingly, we reverse and remand for further proceedings.

_____