**Steve ROLLINS, a Minor, by Kathleen AGOSTA, his Mother and Next Friend, Appellant,**

v.

**John R. FARMER and The City of Omaha, a Municipal Corporation, Appellees.**

No. 83–1978.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1984.

Decided April 2, 1984.

Joseph Louis Vacca, Omaha, Neb., for appellant.

Garland, Pettis, Vacca & Wills, Omaha, Neb., for appellees.

Before LAY, Chief Judge, HEANEY and BOWMAN, Circuit Judges.

LAY, Chief Judge.

Steve Rollins, by and through his mother and next friend, brought this action under 42 U.S.C. § 1983 (1976 & Supp. V 1981) and the Fourth, Sixth, and Fourteenth Amendments alleging that on or about December 10, 1979, John Farmer, a police officer with the City of Omaha, Nebraska, entered Rollins's home without a warrant or the consent of any occupant and arrested Rollins. After several hours of detention, Rollins was released; no criminal charges were brought against him.

Rollins brought suit against "John R. Farmer and the City of Omaha." Farmer filed an answer to the complaint. Rollins subsequently filed an amended complaint to which the City alone responded. During trial, defendants moved for a directed verdict on the ground that Rollins had failed to prove a custom or policy of the City which violated Rollins's rights. After a discussion with both parties' counsel, the trial court, the Honorable C. Arlen Beam presiding, granted the motion for a directed verdict. On appeal, the plaintiff alleges that because Officer Farmer was sued in his individual as well as his official capacity the trial court erred in directing a verdict against plaintiff.

The district court held that a city may not be held liable for the unconstitutional acts of its agent under a theory of *respondeat superior* and that, to succeed in a § 1983 suit against a local governmental body, the plaintiff must show that the allegedly unconstitutional actions were pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). The district court also held that the same rule applies when individuals are sued solely in their official governmental capacities because such a suit is served against the governmental unit. *Cf. id.* at 690 n. 55, 98 S.Ct. at 2035 n. 55. It is conceded, however, that when a suit is brought against an official in his or her *individual* capacity it is not necessary to prove a city-wide policy. In such a case, the acting official charged in his or her individual capacity is the actual, direct cause of the alleged harm and no legal theory is necessary to link the defendant to the violative conduct.[1] Thus, § 1983 suits against individual officials acting under the color of state law may be brought against the officials in their individual capacities subject, of course, to the defense of qualified immunity.[2] *See generally* S. Nahmod, *Civil Rights & Civil Liberties Litigation* § 6.04 (1979 & Supp.1983).

In the instant case, the trial court treated the action as one brought against Officer Farmer only in his official capacity. Although the complaint and the arguments of plaintiff's counsel at trial were not as clear as they should have been in framing the proper issue, there is little doubt that the pretrial conference defined the suit as one against Officer Farmer in his individual as well as his official capacity. The complaint was brought against "John R. Farmer and the City of Omaha." Paragraph four of the complaint states: "Each and all of the acts of Defendants alleged herein were done by Defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of Nebraska, the City of Omaha and under the authority of their office as policemen for said City." The answer, filed on behalf of the City of Omaha, denied the allegations in the complaint and stated that Officer Farmer "in good faith believed his conduct to be reasonable and proper." In the pretrial order "Defendants' Controverted Issue" number 7A was listed as: "Whether defendant Farmer, in good faith, believed his actions to be proper, lawful, and reasonable."

Although the quoted language of the complaint may be read to state that the suit was brought against Farmer in his official capacity alone, plaintiff's counsel contends that such language was merely an inartful way of alleging that Farmer acted under color of state law—a necessary element of an action under § 1983. This interpretation is buttressed by the pretrial order's reference to Farmer's "good faith"

---

**1.** The idea of an official of a municipality acting "under color of law" but not in an "official capacity" appears, at first blush, internally inconsistent. However, it is analogous to the denial of sovereign immunity to a state official sued under the Fourteenth Amendment (which, of course, requires state action). In explaining a case involving the latter situation the Supreme Court has stated:

> The theory of the case was that an unconstitutional enactment is "void" and therefore does not "impart to [the officer] any immunity from responsibility to the supreme authority of the United States." Since the state could not authorize the action, the officer was "stripped of his official or representative character and [was] subjected to the consequences of his official conduct."

*Pennhurst State School & Hospital v. Halderman*, —— U.S. ——, ——, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984) (footnotes omitted) (quoting *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)).

**2.** Under the doctrine of good faith immunity, officials are shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). *See also Green v. White*, 693 F.2d 45 (8th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 2464, 77 L.Ed.2d 1341 (1983).

and defendant's answer that Farmer acted in "good faith." Because the purpose of good faith immunity is to protect officials from *personal liability,* such immunity is available only to individuals, not to municipalities. *Owen v. City of Independence,* 445 U.S. 622, 653, 100 S.Ct. 1398, 1416, 63 L.Ed.2d 673 (1980). By extension, the defense is available only to individuals sued in their individual capacities and not individuals sued in their official capacities.[3]

■ Questions raised in the pleadings, such as the nature of the entity being sued, are to be resolved at the pretrial conference. The inclusion of Farmer's good faith belief in the propriety of his actions in the list of defendants' contested issues indicates that, before going to trial, the parties had agreed that Farmer's good faith was relevant to his liability. Thus, Farmer's liability in his individual capacity was placed in contention. The district court's decision to dismiss the case due to Rollins's failure to establish an unconstitutional policy or custom of the City did not resolve the issue of Farmer's individual liability.

We therefore reverse the district court's dismissal of the suit against Officer Farmer and remand that portion of the case for further proceedings as to the liability of Farmer in his individual capacity.[4]

Judgment is reversed as to Officer Farmer and remanded for a new trial; the judgment of dismissal in favor of the City is affirmed.[5] Costs are awarded to the appellant.

---

3. In pleading a cause of action against municipal officials, a plaintiff must allege that defendants committed acts "under the color of law." If plaintiff wishes to sue defendants in both capacities, the following language would suffice: Plaintiff sues each and all defendants in both their individual and official capacities. *See* S. Nahmod, *supra,* at app. B form 5.

4. On remand the district court should require Farmer to file an amended answer setting forth his defense of good faith immunity.

5. Defendants contend that the district court found as a matter of law that probable cause existed for Farmer to arrest Rollins. In reviewing the district court's order, we find no definitive ruling on that issue. We do point out that, in any event, a finding of probable cause to arrest does not address Rollins's Fourth Amendment argument that Farmer nonconsensually entered Rollins's home without obtaining a warrant for Rollins's arrest. *Cf. Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980).