**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-1417
_____

Dan Ivy,                                        *
                                                *
    Plaintiff - Appellant,         *
                                                *  Appeal from the United States
    v.                             *  District Court for the
                                                *  Western District of Arkansas.
Warren Kimbrough; David W. Shull,               *
                                                *
    Defendants - Appellees.        *

_____

Submitted:  January 16, 1997
Filed:  May 22, 1997
_____

Before LOKEN, JOHN R. GIBSON, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

LOKEN, Circuit Judge.


In July 1994, Fayetteville Police Officer David W. Shull investigated a reported domestic disturbance at the home of attorney Dan Ivy and his wife, Sarah. Sarah accused Dan of "pushing her around" during an argument; Shull noticed that Sarah's hand was cut and her nose red and swollen. Dan said that Sarah was crazy and that her father, Arkansas Chancery Court Judge Warren Kimbrough, could confirm she had been hospitalized for mental problems in the past. After a telephone call to Judge Kimbrough, Shull arrested Dan Ivy for violation of the Arkansas Domestic Abuse Act.

He was later tried and convicted on that charge, and the Arkansas Court of Appeals affirmed. See Ivy v. State, 1996 WL 748226 (Ark. Ct. App. 1996). Ivy's appeal to the Supreme Court of Arkansas is pending.

In July 1995, Ivy filed this action against Officer Shull and Judge Kimbrough, accusing them of conspiring to arrest Ivy without probable cause, and asserting tort claims under 42 U.S.C. § 1983 and state law. Ivy now appeals four district court[1] orders, arguing that the court erred in granting defendants' unopposed motions for summary judgment, in denying Ivy's motion to set aside that judgment, and in imposing monetary sanctions against Ivy and his attorney, Erwin L. Davis. We affirm.

## I. Summary Judgment Issues.

The district court dismissed Ivy's initial complaint because its "extraneous, impertinent, and scandalous" allegations violated Fed. R. Civ. P. 8(e). After Ivy filed an amended complaint, defendants moved to dismiss because he failed to serve it within the time prescribed in the court's prior dismissal order. On October 19, 1995, the district court denied that motion but advised the parties that "any motion for summary judgment or other potentially dispositive motions should be prepared and filed as soon as possible."

On October 30 and 31, Shull and Kimbrough filed motions for summary judgment supported by affidavits and testimony from the state court criminal proceedings. Ivy did not respond within eleven days, as required by Local Rule C-7 of the Western District of Arkansas. On November 22, the district court granted summary judgment dismissing all claims with prejudice. The court explained that the materials submitted by defendants clearly show defendants did not conspire to have Ivy

_____

[1]The HONORABLE H. FRANKLIN WATERS, Chief Judge of the United States District Court for the Western District of Arkansas.

arrested and Officer Shull had probable cause to arrest. Therefore, because Ivy ignored the summary judgment motions, "summary judgment is not only warranted, it is mandated. Based on the record before the court this case was frivolous from the start and will be dismissed."

On appeal, Ivy first argues that Local Rule C-7 conflicts with Fed. R. Civ. P. 56(c), which provides that a motion for summary judgment must be filed ten days "before the time fixed for the hearing" and the opposing party may serve opposing affidavits "prior to the day of hearing." This contention is without merit. "Although Rule 56(c) refers to a hearing, an opportunity to submit briefs and supporting affidavits satisfies the parties' right to be heard." Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992); see 11 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 56.15[1][a] (3d ed. 1997), and cases cited. Local Rule C-7 gives the party opposing a motion for summary judgment eleven days to respond. After that eleven-day period, the court may treat the motion as submitted unless a party has requested, and the court has granted, more time for further briefing, for oral argument, or for an evidentiary hearing.

Ivy next argues that the district court erred in granting summary judgment because it "completely ignore[d] the strong prima facia [sic] case mounted in affidavit and testimony form by [Ivy]." However, this contention is based upon materials Ivy submitted with his December 1 motion to set aside the judgment, whereas the court's November 22 order granting summary judgment was based upon the record at that time, a record that included Ivy's failure to respond to defendants' properly supported motions. Even in a conspiracy case, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Thus, the court's November 22 order granting summary judgment must be affirmed.

## II. The Motion To Set Aside.

On December 1, Ivy filed a motion to set aside the court's summary judgment, attaching a voluminous though belated response to defendants' motions for summary judgment. Ivy urged the court to set aside the judgment under Rule 60(b)(1) because of "excusable neglect." He submitted an affidavit averring that he did not timely respond to defendants' motions because he was at his father's deathbed in Eastern Arkansas, unaware of the motions and inaccessible to his attorney. Citing many cases, the district court denied this motion because Ivy's attorney was served with the summary judgment motions and inexcusably failed to respond, and an attorney's ignorance or carelessness does not constitute "excusable neglect" under Rule 60(b)(1). The court went on to review Ivy's tardy submission opposing summary judgment and concluded that it did not raise a genuine issue of material fact on the essential issues of conspiracy and probable cause to arrest.

We review the denial of Rule 60(b) relief for abuse of discretion. See Cline v. Hoogland, 518 F.2d 776, 778 (8th Cir. 1975). Excusable neglect means "good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal General Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). Here, in an earlier order, the district court had directed the parties to pursue the case "to a conclusion as quickly as possible." In this setting, counsel for Ivy had no reasonable basis for ignoring the motions for summary judgment. And in denying Ivy's motion to set aside, the district court prudently reviewed the merits of his untimely fact submissions to ensure that the order granting summary judgment was not manifestly unjust.

Finally, Ivy argues that the order dismissing his claims for "false arrest, false imprisonment, outrageous conduct and abuse of the legal process" must be set aside because those pendent state law claims must be dismissed without prejudice. Ivy did not raise this issue in the district court and therefore we review it for plain error. In most cases, when federal and state claims are joined and the federal claims are

-4-

dismissed on a motion for summary judgment, the pendent state claims are dismissed without prejudice to avoid "[n]eedless decisions of state law . . . as a matter of comity and to promote justice between the parties." United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see Koke v. Stifel, Nicolaus & Co., 620 F.2d 1340, 1346 (8th Cir. 1980).

However, Ivy's federal and state claims relied on the same core facts, that Shull and Kimbrough conspired to arrest Ivy without probable cause. Defendants' motions for summary judgment sought dismissal of all claims. When Ivy failed to respond to those motions, the district court properly concluded that there was no evidence to support either the § 1983 or the state law claims. In these circumstances, there was no plain error, and no abuse of the court's discretion to exercise supplemental jurisdiction under 28 U.S.C. § 1367, in dismissing the pendent claims with prejudice. See Wright v. Associated Ins. Cos., 29 F.3d 1244, 1251-52 (7th Cir. 1994); Thurman v. City of Lake St. Louis, 24 F.3d 1034 (8th Cir. 1994). The order denying the motion to set aside is affirmed.

### III. The Question of Sanctions.

In granting summary judgment, the district court ordered Ivy and attorney Davis to show cause "why substantial sanctions, including monetary sanctions, should not be imposed against them because of clear violations of Rule 11 of the Federal Rules of Civil Procedure." Ivy through Davis responded that his untimely summary judgment materials "show clearly that David Wayne Shull arrested Dan Ivy on July 24, 1994, without one scintilla of probable cause, and solely at the behest of Warren O. Kimbrough"; that "the Complaint is certainly not frivolous, and was filed in a form customary and usual in this Court"; and that the court's previously expressed concern that Ivy's initial complaint had been filed primarily for local media consumption was unwarranted.

-5-

After denying Ivy's motion to set aside, the district court turned to the question of sanctions. Noting that Ivy and Davis "were warned and they failed to heed the warning," the court concluded that sanctions were justified "to deter [Ivy and Davis] from attempting to use the federal courts to further their own private and political interest or to air marital grievances." It ordered attorneys Ivy and Davis to each pay a $3,000 sanction to the clerk of court and barred them from practicing before the Western District of Arkansas (except in this case) until the sanctions have been paid. The court further ordered Ivy and Davis to pay defendants' reasonable costs and attorneys fees, determined in a subsequent order to be $3,157.15.

On appeal, Ivy and Davis argue that the court's show cause order did not describe the specific conduct alleged to violate Rule 11, as Rule 11(c)(1)(B) requires; that they were not given a hearing; and that Rule 11 sanctions against counsel must be based upon subjective bad faith. They criticize the court's concern that someone leaked their scandalous initial complaint to the press before it was filed. They complain that the court "exceeded its discretion" by ignoring their belated evidentiary submissions, finding the complaint to be frivolous, and considering irrelevant factors such as Ivy's prior campaigns for elective office, local advertising promoting his skills as an attorney, and wearing a "cowboy suit" to court.

We review the imposition of Rule 11 sanctions under the "unitary abuse of discretion" standard. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 403 (1990). After careful review of the entire record, we conclude (1) the district court's criticism of Ivy's claims and the way Davis presented those claims were, from the outset of the litigation, well-founded; (2) the court, with good cause, gave Ivy and Davis repeated warning that their claims appeared to be frivolous, that much of their conduct seemed aimed at the media, and that failure to properly pursue this lawsuit risked dismissal and possible sanctions; (3) despite warnings, Ivy and Davis showed continued disregard for proper procedure and, at the most critical point in the lawsuit, completely ignored defendants' well-supported motions for summary judgment; and (4) their response to

the court's order to show cause regarding sanctions was so superficial as to be insulting to the court and to the policies underlying Rule 11. In these circumstances, the sanctions, while harsh, did not abuse the district court's substantial Rule 11 discretion.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.