# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4320

_____

Terry J. Artis,    *
                   *
        Appellant,    *
                   *    Appeal from the United States
    v.             *    District Court for the
                   *    Eastern District of Missouri.
Francis Howell North Band Booster    *
Association, Inc.; Francis Howell R-    *
III School District; Joseph Stacy,    *
                   *
        Appellees.    *
                   *

_____

Submitted: June 11, 1998
Filed: December 9, 1998

_____

Before  HANSEN and MURPHY, Circuit Judges, and DOTY,[1] District Judge.

_____

HANSEN, Circuit Judge.

Terry Artis was employed by Defendant Francis Howell North Band Booster Association, Inc. (Association) to provide supplemental instruction to the percussion section of the Francis Howell North High School marching band.  After his termination

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

by the Association, Artis, an African-American, brought an action against the three named defendants alleging employment discrimination based on race, racial harassment, and retaliation in violation of: (1) 42 U.S.C. §§ 1981 and 1983 (1996); (2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1996); and (3) the Missouri Human Rights Act (MHRA), MO. ANN. STAT. § 213.010 et seq. (West 1996). Artis sought punitive damages under the MHRA. He also brought supplemental state law claims against the Association for breach of contract and defamation, and against Defendants Francis Howell R-III School District (School District) and Joseph Stacy (Stacy), the School District's band director, for tortious interference with contract. The district court[2] dismissed all claims by summary judgment except the § 1981 race discrimination claim against the Association, the Title VII and MHRA race discrimination claims against the School District, the tortious interference claims against the School District and Stacy, and the breach of contract claim against the Association. A jury found for the defendants on all remaining claims except for the breach of contract claim against the Association, awarding Artis $3,200.

Artis appeals from the grant of summary judgment in favor of the defendants regarding: (1) the § 1983 claim against the School District; (2) the § 1983 claim against Stacy; (3) the Title VII retaliation claims against both the School District and the Association; and (4) punitive damages under the MHRA against the School District. We affirm.

## I.

We review a summary judgment decision de novo, applying the same substantive standard applied by the district court, considering the facts in a light most favorable to the nonmoving party. See Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311,

---

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

1315 (8th Cir. 1996). The party seeking summary judgment must establish the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. See Celotex, 477 U.S. at 324. Finally, we are not bound by the grounds relied on by the district court but may affirm on any basis supported by the record. Hanson v. FDIC, 113 F.3d 866, 869 (8th Cir. 1997) (internal citations omitted).

## II.

The Association is a nonprofit corporation organized by supporters of the marching band program, primarily parents of band members. It was organized to provide support for the Francis Howell North High School's marching band but receives no funding from the School District. The Association and School District have separate payroll systems. The Association is operated by an Executive Board, on which Stacy sits as an ex-officio member, though he is not permitted to vote on Association matters. Artis was paid directly by the Association and was hired and fired by the Association's Executive Board. Artis initially received his job by asking Stacy if he could work with the band. Stacy asked the Association to hire Artis, which it did. Artis entered into an agreement with the Association and with Stacy which provided that Artis would answer to Stacy. However, he had no employment contract with the School District.

During Artis's employment, Stacy allegedly made various racially derogatory comments to and about Artis. He also allegedly treated a black student who was ineligible for band due to his academic standing differently than he treated a white student, to whom he offered guidance so that the student could remain in the band program. Artis did not complain about or report any of the racial slurs made against him by Stacy until he approached Kyle Thrasher, the School's principal, about the disparate treatment of the students. Thrasher dismissed Artis's complaints, telling him

3

Stacy was his boss and he would have to get along with Stacy or leave the campus. Artis consulted three assistant superintendents, including Daniel Brown, the School District's designated harassment complaint official, who likewise provided no assistance. Brown told Artis he would have to seek help from the Association because Artis was not an employee of the School District. Artis filed a grievance with the School District on October 4, 1994. That same week Stacy told the Association president he could not work with Artis. The Association fired Artis on October 13, 1994, at a meeting attended by Stacy, Thrasher, and Brown, allegedly for misconduct regarding the students and disruption of the band program. This suit followed.

## III.

### A.    Section 1983 Claim Against the School District

Artis brought this § 1983 claim against the School District to enforce his rights under § 1981, i.e., not to be discriminated against on the basis of his race in the making and enforcing of contracts. See 42 U.S.C. § 1981(a). Though not specifically referenced in the statute, § 1981 applies to employment contracts. See Johnson v. Railway Express Agency, 421 U.S. 454, 459-60 (1975). As indicated above, Artis was employed by the Association and entered into a contract with the Association and with Stacy. However, the School District was not a party to that contract.

A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983. See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735 (1989) (Section 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor."). A governmental entity is not liable under § 1983 based on actions of its employees under a theory of respondeat superior. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, the School District is not liable for discrimination occurring during the performance of the contract entered into between

4

the Association, Artis, and Stacy (an employee of the School District) merely because Stacy signed the contract.

For the School District to be liable, Artis must prove that the School District had an official policy or widespread custom that violated the law and caused his injury. See id.; Board of County Comm'rs of Bryan County, Okla. v. Brown, 117 S. Ct. 1382, 1388 (1997); Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998); Kinman v. Omaha Pub. Sch. Dist., 94 F.3d 463, 467 (8th Cir. 1996). The requirement of an official policy ensures that a school district is liable only for those acts which "'may fairly be said to be those of the [district].'" Springdale Educ., 133 F.3d at 651 (quoting Brown, 117 S. Ct. at 1388). An alleged illegal custom must be widespread and may only subject a school district to liability if it is pervasive enough to have the "force of law." Id.

Artis's federal court complaint and his opposition to summary judgment allege acts by Stacy, Thrasher, and Brown. Artis alleged that Stacy made various racial comments, and that Thrasher made one comment regarding putting "this black and white crap down right now." Brown, the assistant superintendent, allegedly treated Artis in a cold, unhelpful way and told Artis that he would have to seek help from the Association because Artis was not a School District employee. Thus, Artis's complaint against the School District hinges on isolated comments made by the band director and one comment by the principal. Nowhere does he allege that the School District itself had an official policy endorsing racial harassment. Nor does he provide evidence that the School District delegated its policy-making authority, which generally lies in the school board, see MO. ANN. STAT. § 171.011 (West 1991), to any of these individuals. He has provided no evidence that the School District allowed or ignored other racial harassment. Assuming his allegations to be true, Artis has failed to prove that he was racially harassed pursuant to a policy or custom of the School District. His claim was properly dismissed. See Larson by Larson v. Miller, 76 F.3d 1446, 1453 (8th Cir. 1996) (en banc) (noting that a school district's custom of either ignoring or authorizing

5

unconstitutional activity by its employees must be the moving force behind the constitutional violation); Morton v. City of Little Rock, 934 F.2d 180, 183-84 (8th Cir. 1991) (finding no § 1983 entity liability where there was no evidence that the city delegated policy-making authority to the police captain, whose actions were the basis for the claim).

**B.     Section 1983 Claim Against Stacy**

Artis named Stacy as a defendant in this suit without expressly pleading against him in his individual capacity.  A suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual.  If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity. See Murphy v. Arkansas, 127 F.3d 750, 754-55 (8th Cir. 1997) (noting that this strict pleading requirement is consistent with the Supreme Court's Eleventh Amendment jurisprudence); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).  The district court correctly dismissed the claim against Stacy as redundant to the claim against the School District. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Roberts v. Dillon, 15 F.3d 113, 115 (8th Cir. 1994).

Artis seeks, for the first time on appeal, to amend his complaint to name Stacy in his personal capacity.  However, this claim was dismissed on October 14, 1997, following a motion for summary judgment filed January 3, 1997.  Artis responded to the motion on February 13, 1997, only referring to Stacy in his official capacity.  Because we find Artis had ample time to seek an amendment to his complaint but failed to do so, we will not allow him to amend his claim on appeal. See Freeman v. Ferguson, 911 F.2d 52, 56 (8th Cir. 1990) (Magill, J., dissenting) (court is barred from addressing argument, first raised on appeal, that leave to amend complaint should have been granted sua sponte by the district court unless a manifest injustice would result).  Cf. id. at 55 (allowing appellant to amend his complaint where controlling Supreme

6

Court case was published the day before the district court's opinion such that appellant did not have time to seek leave to amend complaint).

## C. Title VII Retaliation Claim Against the School District and the Association

### 1. The School District

A prima facie case of retaliation under Title VII requires a plaintiff to show: "(1) that he engaged in statutorily protected activity; (2) [that he suffered] an adverse employment action; and (3) a causal connection [existed] between the adverse employment action and the protected activity." Evans v. Kansas City, Mo. Sch. Dist., 65 F.3d 98, 100 (8th Cir. 1995), cert. denied, 512 U.S. 1104 (1996). An employer may not discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a).

For the reasons set forth below, we find that the district court properly dismissed the Title VII claim against the School District. Therefore, we decline to decide whether the School District was even subject to suit by Artis under Title VII since the School District was not Artis's employer. We have not previously decided whether the protections offered by Title VII apply to relationships outside the direct employer-employee relationship. Because we find that Artis fails the first prong of the Title VII analysis, we leave the question of who is an "employer" for purposes of Title VII to another day without intimating any view on the question.

We must first determine whether Artis engaged in a protected activity, i.e., whether he opposed an unlawful employment practice. Artis complained to Stacy, the School's principal, and three assistant superintendents about treatment that Stacy gave a black student that Artis perceived as disparate to that given to a white student. Artis alleged he was fired in retaliation for these complaints. (Compl. ¶¶ 13-15, Appellant's

7

App. at 3.)  Ignoring the issue of whether the School District was Artis's employer, opposing an employer's actions outside the ambit of an employment practice is unprotected by Title VII.  See Evans, 65 F.3d at 101 (finding no Title VII violation where employee complained of school's responsibility to its students, which is not a complaint based on an employment practice). Though Artis also objected to the harassment he received personally, he only claimed he was retaliated against for opposing the disparate treatment of the students.  Thus, Artis's retaliation claim based on discrimination toward students does not meet the first prong of a Title VII prima facie case. Id.

Artis argues that his complaint also includes claims that the School District retaliated against him because he complained to the School District about Stacy's racial harassment directed at Artis personally.  However, his EEOC complaint is quite specific in alleging retaliation only in  relation to the disparate treatment of the students:

> II.     I believe that Respondent aided and abetted in my discharge in retaliation for protesting Respondent's discriminatory practices in that:
>
>> a.     After being told by my supervisor that a student (black) had been declared ineligible for band participation, I raised a question of why the student had not been counseled about his impending ineligibility like a white student had been.
>> b.     I was asked by the supervisor if this was a "black thing"?
>> c.     My relationship with the supervisor became very negative after I raised the different treatment.
>> d.     I protested to the principal, Kyle Thrasher (white) who refused to take my grievance seriously.  He stated "Let's put this black and white crap down right now" and that the supervisor and I should just get along.

(EEOC Compl., Appellees' App. at 1-2.)  In fact, his EEOC complaint does not even allege discrimination, let alone retaliation, outside that related to his opposition of the disparate treatment concerning the students.

A discrimination claim will only be heard if the claimant has exhausted his administrative remedies.  See Wallin v. Minnesota Dep't of Corrections, 153 F.3d 681, 688 (8th Cir. 1998).  Claims which are "like or reasonably related to the substance of the charges" in the EEOC complaint are deemed administratively exhausted and are properly within the scope of the lawsuit.  See id.; Tart v. Hill Behan Lumber Co., 31 F.3d 668, 673 (8th Cir. 1994).  Artis's EEOC retaliation claim was very specific and did not mention harassment against him personally.  It was not until he opposed the defendants' motion for summary judgment that Artis construed his court complaint to include retaliation based on his opposition to the personal racial harassment from Stacy he allegedly suffered.  However, Stacy's racial harassment was not related to the incident concerning the alleged disparate treatment of the students.  Thus, Artis's retaliation claim based on racial harassment is not "like or reasonably related to" his EEOC complaint.  See Tart, 31 F.3d at 673 (disallowing a hostile environment discrimination claim brought in conjunction with a  discriminatory discharge claim because the incidents supporting each were distinct); Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994) (refusing to consider a discrimination claim where the EEOC charge, alleging retaliation for filing a previous EEOC complaint, did not hint of race discrimination).  The retaliation claim was properly dismissed.  See Hanson, 113 F.3d at 869 (noting we may affirm on any ground disclosed in the record).

### 2.    The Association

Title VII applies to employers with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ."  42 U.S.C.A. § 2000e(b).  Separate entities may be consolidated for purposes of

9

meeting this employee numerosity requirement in certain circumstances. The Association employed two people during the relevant time. Thus, the Association acting alone is not covered by Title VII. This does not end our inquiry, however. We must determine whether the Association and the School District can be consolidated to meet the employee numerosity element.

Separate entities can be consolidated to meet the Title VII employee numerosity requirement based on the following factors: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control." Baker v. Stuart Broadcasting Co., 560 F.2d 389, 392 (8th Cir. 1977) (applying factors used by the National Labor Relations Board under the Fair Labor Standards Act to Title VII to determine whether two related entities could be considered as a single employer); see also Massey v. Emergency Assistance, Inc., 724 F.2d 690, 690-91 (8th Cir.) (per curiam) (approving of the Baker analysis in a Title VII case), cert. denied, 469 U.S. 930 (1984). The evidence compels a finding that these entities should not be combined. The Association and the School District have separate payroll systems. Artis was paid by the Association and fired by its Executive Committee. The Association receives no funding from the School District. Stacy is the only employee of the School District who sat on the Association's Executive Committee. However, he lacked the power to vote on committee matters, including Artis's employment.

Artis argues there was centralized control of labor relations because he answered to Stacy. The Association, Artis, and Stacy all signed a "Statement of Agreement" which provided that Artis would answer to Stacy and that Stacy ultimately decided Artis's responsibilities. We believe this is insufficient to find centralized control of labor relations between the Association and the School District. Stacy was an employee of the School District; none of the Board members or administrators of the School District were involved in the agreement or had power over Artis. Even if this provides some support for one of the consolidation factors, all factors are to be

10

considered, with no one factor controlling.  See Iowa Express Distrib., Inc. v. NLRB, 739 F.2d 1305, 1310 (8th Cir.), cert. denied, 469 U.S. 1088 (1984).  Based on the totality of the circumstances, we find the district court correctly concluded that the Association did not meet the employee numerosity requirement under Title VII.

## D.      Punitive Damages Under the MHRA

This case went to trial on the claims that survived summary judgment.  The jury returned a verdict in favor of the School District on the MHRA race discrimination claim.  We need not reach the question of whether punitive damages are allowed against a school district under the MHRA because the unappealed jury verdict precludes such damages in this case.  See Feltmann v. Sieben, 108 F.3d 970, 977 (8th Cir. 1997) (noting a claim for punitive damages must fail where there is no support for the underlying claims), cert. denied, 118 S. Ct. 851 (1998).  As such, the issue of whether Artis would have been entitled to punitive damages from the School District is moot.

## IV.

Artis failed to provide evidence that the School District had a policy or custom of endorsing racial harassment or discrimination necessary to sustain his § 1983 claim against the School District.  Artis's § 1983 claim against Stacy, a school official, is the same as a claim against the School District itself and, thus, is redundant to the § 1983 claim against the School District.  Artis's complaint about disparate treatment toward students is an inappropriate basis for a Title VII retaliation claim by him because such a complaint does not involve an employment practice.  The Association and the School District do not meet the factors for consolidation under Title VII's employee numerosity requirement, and, for that reason, Artis cannot maintain a Title VII action against the Association.  Finally, the jury verdict for the defendants on the MHRA claim moots the

11

issue of punitive damages. For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT