# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1372

_____

| | | |
|---|---|---|
| John Young, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| City of St. Charles, Missouri; David | * | |
| King, Individually and in his official | * | Appeal from the United States |
| capacity as former Chief of Police of | * | District Court for the Eastern |
| the City of St. Charles, Missouri; | * | District of Missouri. |
| Jack Banas, Individually and in his | * | |
| official capacity as former Police | * | [UNPUBLISHED] |
| Captain of the City of St. Charles, | * | |
| Missouri; James Gooch, Individually | * | |
| and in his official capacity as Police | * | |
| Captain of the City of St. Charles, | * | |
| Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: May 2, 2002

Filed: May 9, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

John Young was terminated from his position as a police officer with the St. Charles, Missouri police department. Young brought two lawsuits contending the city's termination of his employment deprived him of his federal constitutional rights. The first lawsuit was dismissed, and the district court concluded the second lawsuit was barred by res judicata (claim preclusion). Young appeals pro se.

Because Young alleges federal constitutional violations, we apply the federal law of claim preclusion. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002). Claim preclusion bars a later lawsuit if "(1) a court of competent jurisdiction rendered the prior judgment, (2) the prior judgment was a final judgment on the merits, and (3) both cases involved the same cause of action and the same parties." Id. Young does not dispute the district court's jurisdiction or that the district court's dismissal was a final judgment on the merits.

Young asserts his second cause of action is different from the first. As this court explained in Canady, however, "[t]he same cause of action framed in terms of a new legal theory is still the same cause of action." Id. at 1015 (quoting NAACP v. Metropolitan Council, 125 F.3d 1171, 1174 (8th Cir. 1997)). Whether Young frames his due process claim as a Fourteenth Amendment property deprivation (as in the first lawsuit) or a Fifth Amendment liberty deprivation (as in the second lawsuit), he seeks to remedy the same wrong–his allegedly unconstitutional dismissal from the St. Charles police force. Thus, Young's cause of action is the same in his first and second suits.

Further, the two new defendants in the second lawsuit–both employees of the police department–are in privity with parties to the first lawsuit. See Harmon Ind., Inc. v. Browner, 191 F.3d 894, 903 (8th Cir. 1999). In their official capacities, the two new defendants have the same legal interests as the city. In their individual capacities, the two new defendants are in privity with an individual defendant who was employed in a similar position of authority in the police department.

For the reasons explained above, Young's claim is properly barred because of claim preclusion.  We affirm the decision of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.