# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2838

_____

| | | |
|---|---|---|
| Joshua D. Baker, | * | |
| | * | |
| Plaintiff - Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Eric Chisom, Drew County Deputy | * | Eastern District of Arkansas. |
| Sheriff, in His Official and Individual | * | |
| Capacities; Marcia Bruner, Drew | * | |
| County Deputy Sheriff, in Her | * | |
| Individual and Official Capacities, | * | |
| | * | |
| Defendants - Appellees. | * | |

_____

Submitted: February 14, 2007
Filed: August 28, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

LOKEN, Chief Judge.

Early on August 15, 2002, Joshua Baker was arrested for traffic violations after leading police on a late-night, half-mile chase. While awaiting arrival of the arresting officer at the Drew County Jail, Deputy Sheriff Marcia Bruner handcuffed Baker's right arm to a bench and watched as Deputy Sheriff Eric Chisom choked Baker from behind and tasered him in the back of the head. After Chisom was convicted of third degree battery, Baker sued Chisom, Bruner, and other County defendants under 42

U.S.C. § 1983, asserting claims of excessive force, deliberate indifference, failure to train and supervise, and failure to maintain adequate County policies. In September 2004, on the eve of trial and with defendants' motion for summary judgment pending, Baker moved for a voluntary non-suit. On October 12, 2004, the district court granted Baker a non-suit as to defendants Chisom and Bruner. The court denied a non-suit and dismissed all claims against the other County defendants with prejudice.

On September 22, 2005, Baker filed a second action, asserting the same claims against Chisom and Bruner. Unlike his first complaint, the second complaint specifically named Chisom acting "in his official and individual capacities" and Bruner acting "in her individual and official capacities." The district court[1] dismissed the individual capacity claims as time-barred and the official capacity claims on the merits. The court also dismissed a state law tort claim added in Baker's First Amended Complaint. Baker appeals all three rulings. We affirm.

## I. The Individual Capacity Claims.

The applicable state law statute of limitations governs § 1983 claims. See Board of Regents v. Tomanio, 446 U.S. 478, 484 (1980). Baker's claims against Chisom and Bruner in their individual capacities are subject to the three-year Arkansas statute of limitations. Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991). If an Arkansas plaintiff files a timely action and then "suffers a nonsuit," he "may commence a new action within one (1) year." Ark. Code. Ann. § 16-56-126. We apply that savings statute to § 1983 claims. Whittle v. Wiseman, 683 F.2d 1128, 1129 (8th Cir. 1982). Baker filed this action three years and six weeks after the August 2002 incident. Thus, unless tolled, the individual capacity claims are time-barred. Only causes of action pleaded in the non-suited action are tolled by the one-

---

[1]The HONORABLE J. LEON HOLMES, Chief Judge of the United States District Court for the Eastern District of Arkansas.

year savings statute. Dillaha v. Yamaha Motor Corp., 23 F.3d 1376, 1377-78 (8th Cir. 1994).

A plaintiff may assert § 1983 claims against a public official acting in his individual capacity and in his official capacity. For many reasons, including exposure to individual damage liability and the State's Eleventh Amendment immunity, these are different causes of action. "[T]he distinction between official-capacity suits and personal-capacity suits is more than a mere pleading device." Hafer v. Melo, 502 U.S. 21, 27 (1991) (quotation omitted).

This brief background brings to the fore an issue this court has often considered -- when has a plaintiff properly asserted § 1983 claims against a public official acting in his individual capacity. We have repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); see Nix. v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). "If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity." Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998).

Baker's first complaint named as defendants "ERIC CHISOM; MARCIA BRUNER; LARON MEEKS, Individually and in his Capacity as Sheriff of Drew County; and DREW COUNTY QUORUM COURT MEMBERS [naming the nine members], in their Official Capacities and in their Individual Capacities." The County defendants other than Chisom and Bruner filed an Answer "in both their individual and official capacities." The same defense counsel then filed separate Answers by Chisom and Bruner but only in their official capacities. Some months later, all defendants moved for summary judgment. They argued, in part, that Chisom and Bruner were sued only in their official capacities and therefore "[n]one of the defendants named in their individual capacities had any personal involvement in the

subject incident." Without responding to this contention, Baker moved to voluntarily non-suit the complaint without prejudice. Defendants objected to a non-suit "without first resolving the Defendants' Motion for Summary Judgment," noting they had incurred litigation time and expense.

The district court dismissed Baker's claims against the other County defendants with prejudice because Baker failed to submit evidence refuting their motion for summary judgment or even a statement of material facts in dispute. However, the court granted Baker's non-suit motion and dismissed the claims against Chisom and Bruner without prejudice, explaining:

> The undisputed facts establish that Chisom committed battery against Baker, and that Bruner observed the battery but did nothing to stop it. Had Baker not filed a motion for voluntary non-suit, the Court would have given Baker the opportunity to amend the complaint to make it clear and unambiguous that he was suing Chisom and Bruner in their individual capacities, and the Court would have continued the trial date . . . to avoid any prejudice to Chisom and Bruner. The Court would not have entered a judgment in favor of Chisom and Bruner that would have barred Baker's claims against them. . . . Chisom and Bruner will not be prejudiced by a dismissal.

When his first complaint was dismissed without prejudice, Baker had ten months in which to file individual capacity claims against Chisom and Bruner within the three-year statute of limitations. Instead, he waited eleven months. The district court granted summary judgment and dismissed the individual capacity claims as time-barred, rejecting Baker's contention that the claims are timely under the one-year non-suit savings statute.

On appeal, Baker argues that his first complaint adequately named Chisom and Bruner in their individual capacities because the substantive paragraphs included a reference to Chisom and Bruner as "individual Defendants" and prayed for

-4-

"exemplary damages" that may not be recovered in an official capacity suit. But our cases require more than ambiguous pleading. See Andrus ex rel. Andrus v. Arkansas, 197 F.3d 953, 955 (8th Cir. 1999) ("specific pleading of individual capacity is required"); Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("only an express statement that [public officials] are being sued in their individual capacity will suffice"); Murphy v. State of Arkansas, 127 F3d 750, 754 (8th Cir. 1997) ("a clear statement that officials are being sued in their personal capacities" is required). A "cryptic hint" in plaintiff's complaint is not sufficient. Egerdahl, 72 F.3d at 620.

The caption of Baker's first complaint named ten other County defendants "in their Official Capacities and in their Individual Capacities." The caption was silent as to the capacities in which Chisom and Bruner were named. The body of the complaint contained no "clear statement" or "specific pleading" of individual capacity, only allegations that were, at most, "cryptic hints." Defendants made their interpretation of the complaint crystal clear. Chisom and Bruner filed separate Answers only in their official capacities, and defendants' motion for summary judgment argued that no individual capacity claims had been asserted against Chisom and Bruner. Baker did not contest this assertion. The district court in granting non-suit observed that it would have allowed Baker "to amend the complaint to make it clear and unambiguous that he was suing Chisom and Bruner in their individual capacities." In these circumstances, we agree with the district court that Baker's first complaint did not include the requisite clear statement that Chisom and Bruner were being sued in their individual capacities. Therefore, the one-year savings statute did not apply, and these claims were properly dismissed as time-barred.[2]

---

[2]Baker argues that the Eighth Circuit "holds a lonely position" on this issue and urges us to adopt the "flexible approach" of other circuits. This argument must be addressed to the court en banc.

Baker next argues that <u>Doe v. Cassel</u>, 403 F.3d 986 (8th Cir. 2005), implicitly overruled our <u>Egerdahl</u> line of decisions. This contention is without merit. In <u>Doe</u>, we applied recent Supreme Court decisions and held that "[t]he only permissible heightened pleading requirements" in § 1983 suits against individual defendants "are those contained in the Federal Rules of Civil Procedure" or in federal statutes. 403 F.3d at 989. Rule 8(a)(2) of the Federal Rules provides that each complaint shall contain "a short and plain statement of the claim." Requiring an "express statement" that a defendant is sued in his or her individual capacity is consistent with this Rule. More than twenty years ago, Chief Judge Donald Lay provided Eighth Circuit practitioners with a clear and simple statement that satisfies this pleading requirement. <u>Rollins by Agosta v. Farmer</u>, 731 F.2d 533, 536 n.3 (8th Cir. 1984). That instruction was not a heightened pleading requirement in 1984 nor is it today.[3]

Finally, Baker argues that equitable tolling should be applied to avoid the time bar because the district court acknowledged that its dismissal order in the first case may have "contributed to the confusion." A plaintiff must be "reasonably diligent" to be entitled to equitable tolling of an applicable statute of limitations. <u>Stracener v. Williams</u>, 137 S.W.3d 428, 431 (Ark. App. 2003). Here, as we have explained, Baker was not the least bit diligent. He allowed the last ten months of the initial three-year limitations period to expire despite repeated warnings -- by defendants' pleadings, by the district court's dismissal order, and by controlling Eighth Circuit precedent -- that his first complaint failed to assert claims against Chisom and Bruner in their individual capacities. The district court properly declined to apply equitable tolling.

---

[3]After <u>Doe</u>, at least one panel has favorably cited the "clear statement" rule of <u>Egerdahl</u> and <u>Nix</u>, though without discussing this issue. <u>Larson v. Kempker</u>, 414 F.3d 936, 939 (8th Cir. 2005).

## II. The Official Capacity Claims.

Baker's complaint in the second action asserted the same official capacity claims against Chisom and Bruner that were asserted against all defendants in the first action. In the first action, the district court granted summary judgment and dismissed these claims against the other County defendants with prejudice. The doctrine of res judicata or claim preclusion bars relitigation of a § 1983 claim if the prior judgment was a final judgment on the merits rendered by a court of competent jurisdiction, and if the same cause of action and the same parties or their privies were involved in both cases. Murphy v. Jones, 877 F.2d 682, 684 (8th Cir. 1989).

A suit against a government official in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Social Services, 436 U.S. 658, 690 n.55 (1978). "[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." Hafer, 502 U.S. at 25. The doctrine of res judicata bars a plaintiff from suing a succession of public officials on the same official-capacity claim. See Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983); Young v. City of St. Charles, 34 Fed. Appx. 245 (8th Cir.), cert. denied, 537 U.S. 1035 (2002). In the first action, when the district court issued a final order dismissing on the merits the official-capacity claims against the other County defendants, it resolved the merits of the official-capacity claims against all defendants, even if the court did not make this clear in granting a non-suit and dismissing all claims against Chisom and Bruner without prejudice. Thus, Baker's official-capacity claims against Chisom and Bruner are barred by the doctrine of res judicata. We need not consider whether the district court properly dismissed those claims on the merits.[4]

---

[4]On appeal, Baker primarily argues that he presented sufficient evidence of official capacity liability because the County had no policies regarding the use of choke holds and tasers. This theory would not likely survive our recent en banc decision in Szabla v. City of Brooklyn Park, 486 F.3d 385, 392-93 (8th Cir. 2007).

### III.  The Pendent State Law Claim.

Finally, Baker argues that the district court erred in dismissing with prejudice his state law claim for "conduct of another person that would constitute a felony under Arkansas law."  Ark. Code. Ann. § 16-118-107.  After Baker filed his amended complaint asserting this claim, Chisom and Bruner moved for summary judgment dismissing "Plaintiff's Complaint."  Neither defendants' nor Baker's motion papers addressed this claim, except for Baker's assertion in his disputed fact statement "that Chisom's conduct amounted to felonious conduct" even though Chisom was convicted of a misdemeanor, third degree battery.  See Ark. Code Ann. § 5-13-203.

The district court granted defendants' summary judgment motion and dismissed the entire complaint without discussing the state law claim.  Having dismissed all federal claims, the court had discretion to dismiss this pendent state law claim without prejudice.  However, because the state law claim arose out of the same core of operative facts, and because Baker failed to defend that claim or to urge that it be dismissed without prejudice, the district court did not commit plain error or abuse its discretion in exercising its supplemental jurisdiction under 28 U.S.C. § 1367 to dismiss this late-filed pendent claim with prejudice.  See Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997).

The judgment of the district court is affirmed.

GRUENDER, Circuit Judge, concurring in part and dissenting in part.

I concur fully in parts I and II of the Court's judgment and opinion but dissent with respect to part III.

Although our circuit's current precedent mandates the outcome the Court reaches in parts I and II, I write separately to express my concern about the Eighth

Circuit's judicially-created suggestion that "section 1983 litigants wishing to sue government agents in both capacities should simply use the following language: 'Plaintiff sues each and all defendants in both their individual and official capacities.'" Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989) (quoting Rollins by Agosta v. Farmer, 731 F.2d 533, 536 n.3 (8th Cir. 1984)). Since Nix, this suggestion has mutated into a bright-line presumption that "[i]f a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995). This presumption had its genesis in Nix based upon our perception of Federal Rule of Civil Procedure 9(a) and the Eleventh Amendment's limitations on federal court jurisdiction. Rule 9(a) provides, "[i]t is not necessary to aver the capacity of a party to sue or be sued . . . except to the extent required to show the jurisdiction of the court." Coupled with the observation that "[t]he Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees," Nix concluded that "Rule 9(a) appears to *require* Nix to make a capacity stipulation in the complaint." Nix, 879 F.2d at 431. A close inspection of the cases in which we have required litigants to specify the capacity in which a defendant is being sued have, with few exceptions, involved state actors arguably entitled to an Eleventh Amendment immunity defense.[5]

As at least one other circuit has pointed out, the logic laid out in Nix supporting our presumption may be faulty in its premise. See Biggs v. Meadows, 66 F.3d 56, 59-60 (4th Cir. 1995). Unlike subject matter jurisdiction, Eleventh Amendment immunity is not "jurisdictional in the sense that it must be raised and decided by [a] Court on its own motion." Patsy v. Bd. of Regents, 457 U.S. 496, 515 n.19 (1982).

---

[5]Among the exceptions are Johnson v. Outboard Marine Corp., 172 F.3d 531 (8th Cir. 1999) and Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178 (8th Cir. 1998). Because these cases have applied our bright-line presumption to § 1983 cases not involving Eleventh Amendment immunity, I believe that they are controlling as to the instant case.

Also unlike subject matter jurisdiction, a party entitled to sovereign immunity may waive it. See Grand River Enters. Six Nations, Ltd. v. Beebe, 467 F.3d 698, 701 (8th Cir. 2006). While the operation of Rule 9(a) in § 1983 cases with Eleventh Amendment issues may be debatable, it appears that Rule 9(a) has no express application in cases like this one, where the defendants cannot assert Eleventh Amendment immunity. See N. Ins. Co. of N.Y. v. Chatham County, 547 U.S. 189 (2006) (noting that the Supreme Court "has repeatedly refused to extend sovereign immunity to counties"). The overwhelming majority of our sister circuits uniformly take a different approach to capacity-pleading issues, see Powell v. Alexander, 391 F.3d 1, 22 & n.25 (1st Cir. 2004) (adopting the "course of proceedings" test used in the Second, Third, Fourth, Sixth, Seventh, Ninth, Tenth, Eleventh and D.C. Circuits), and our rule seems to be swimming against recent currents from the Supreme Court regarding notice pleading, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-14 (2002); Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005) (recognizing that Swierkiewicz has abrogated Eighth Circuit § 1983 heightened pleading requirements).

With respect to part III of the Court's opinion, I respectfully dissent. In my view, dismissal of the state law claim with prejudice is an abuse of discretion where the movants did not address the state law claim in their summary judgment motion and the district court was similarly silent on the claim. "It is well settled the party seeking summary judgment must first identify grounds demonstrating the absence of a genuine issue of material fact." Robinson v. White County, 459 F.3d 900, 902 (8th Cir. 2006) (quotation and alteration omitted) (reversing the district court's dismissal of state law claims because the party seeking summary judgment failed to identify grounds demonstrating the absence of a genuine issue of material fact with respect to those claims and the district court failed to articulate a basis for dismissing those claims). In Ivy v. Kimbrough, the district court did address the state law claims at issue there when it concluded that there was no evidence to support them or the § 1983 claims, which relied on the same core facts. 115 F.3d 550, 553 (8th Cir. 1997). Here, I do not

-10-

find it particularly relevant that the state law claim at issue "arose out of the same core of operative facts" as the federal claims because the federal claims were dismissed on limitations and immunity grounds, and it is not clear that an immunity analysis under Arkansas law would reach the same result.[6]

Even assuming that we should review this issue under a plain error standard,[7] the movants here failed to meet their predicate burden of establishing their entitlement to summary judgment on the state law claim, and the district court's dismissal of that claim with prejudice leaves Baker worse off for having pled the claim in federal court.[8] See Olson v. Ford Motor Co., 481 F.3d 619, 627 (8th Cir. 2007) ("Under [the plain error] standard, a verdict should be reversed only if the error has prejudiced the substantial rights of a party and would result in a miscarriage of justice if left uncorrected.").

Under these circumstances, I would direct the district court to dismiss the state law claim without prejudice.

_____

[6]The parties neither briefed nor argued Arkansas immunity issues.

[7]I am not convinced that plain error review is appropriate here where the defendants' motion for summary judgment failed to address the state law claim at all and where they only requested "the summary dismissal of Plaintiff's Complaint," without clearly requesting that the dismissal be with prejudice. The nonmoving party should not have a duty to "preserve" an issue that the moving party has not specifically put at issue.

[8]Although Baker would have faced a statute of limitations issue with respect to the state law claim, he also might have had recourse to tolling of the limitations period. See Ragland v. Alpha Aviation, Inc., 686 S.W.2d 391, 393 (Ark. 1985).