# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2114

_____

Frank R. Owens,                          *
                                         *
              Appellant,                 *
                                         *   Appeal from the United States
     v.                                  *   District Court for the
                                         *   Southern District of Iowa.
Donald J. Mallinger; Dr. Sanchez;        *
Nurse Julie Pihl; Dennis Brumbaugh;      *        [UNPUBLISHED]
Rich Barlow; Mendez; Jack Bates;         *
Donald Aschbrenner; Darrell Moeller;     *
Dave DeGrange; Ronald Welder; John       *
Ault; Matt Rehm; Mary Fett; Gary         *
Deen; Charles Harper,                    *
                                         *
              Appellees.                 *

_____

Submitted: January 14, 2010
Filed: January 29, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Iowa inmate Frank Owens appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 action, in part without prejudice. Upon de novo review, see

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (citing Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam)), we conclude dismissal was proper.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding that because the Eleventh Amendment immunizes the states from suit, neither a state nor its officials acting in their official capacities are "persons" under § 1983 when sued for damages); Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (declaring that if a § 1983 complaint is silent as to the capacity in which a defendant is sued, this court interprets the complaint as including only official-capacity claims); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[A] prisoner's claim for injunctive relief to improve prison conditions is moot if he or she is no longer subject to those conditions"); see also Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005) (noting this court may affirm a dismissal on any basis supported by the record).  We affirm.

_____