# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1901

_____

| | |
|---|---|
| Chrystal Gray, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Eastern |
| | *   District of Arkansas. |
| Arkansas Department of Human | * |
| Services, (DHS); John Selig, | *   [UNPUBLISHED] |
| Director, DHS; Toni Bogan, | * |
| Manager, Appeals and Hearings, | * |
| Office of Chief Counsel, DHS; | * |
| Sherry Middleton, Director, | * |
| Division of Volunteerism, DHS, | * |
| | * |
| Appellees. | * |

_____

Submitted: November 2, 2010
Filed: December 16, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Chrystal Gray appeals from the district court's[1] dismissal of her employment-discrimination retaliation claims brought under 42 U.S.C. §§ 1981, 1983. Upon

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

careful de novo review, see Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (district court's grant of motion to dismiss reviewed de novo), we agree with the district court that Gray could not bring an action against defendants under section 1981, see Artis v. Francis Howell N. Band Booster Ass'n, Inc., 161 F.3d 1178, 1181 (8th Cir. 1998) (federal action to enforce rights under § 1981 against state actor must be brought under § 1983). We further agree that, because Gray's complaint was silent as to the capacity in which she was suing defendants, her complaint was properly construed as asserting only official-capacity claims, see Baker v. Chisom, 501 F.3d 920, 923 (8th Cir. 2007) (if complaint is silent about capacity in which defendant is sued, court interprets complaint as including only official-capacity claims); and, as such, her section 1983 claims failed, see Morstad v. Dept. of Corr. & Rehab., 147 F.3d 741, 743-44 (8th Cir. 1998) (Eleventh Amendment bars § 1983 action against state and its officials acting in their official capacities); Nix v. Norman, 879 F.2d 429, 432 (8th Cir. 1989) (suit brought solely against state or state agency is generally proscribed by Eleventh Amendment).

Accordingly, we affirm, see 8th Cir. R. 47B, but we modify the dismissal to be without prejudice to Gray refiling her action. We express no opinion on the timeliness of such an action.

_____