# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1130

_____

Juan Ventura-Vera,                          *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the Western
                                            *   District of Missouri.
Off. Tatem Dewitt; Off. Mitchell            *
Donald Thomas; Sgt. Schrader; Off.          *       [UNPUBLISHED]
Cpl. S. Umbarger; Off. B. Steen;            *
Off. M. Schwind; Cpl. T. King;              *
Off. D. Meyer; Off. E. Reece; Sgt. M.       *
Deed; Off. Kent Lynn Shipley; Off.          *
John Doe, #1; Off. John Doe, #2;            *
Trooper John Doe, #3; The City of           *
Springfield MO; Sheriff Jack L.             *
Merrit, Greene County Missouri;             *
Administrator D. Tidwell, Greene            *
County Justice Center,                      *
                                            *
            Appellees.                      *

_____

Submitted: May 13, 2011
Filed: June 7, 2011

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Federal inmate Juan Ventura-Vera appeals from an order of the District Court[1] dismissing his 42 U.S.C. § 1983 action prior to service of process. The matter is before us on Ventura-Vera's renewed motion for leave to appeal in forma pauperis (IFP). We grant IFP status and leave the fee collection to the District Court, see Henderson v. Norris, 129 F.3d 481, 484–85 (8th Cir. 1997) (per curiam), and we deny as moot Ventura-Vera's motion for appointment of counsel.

As to the merits of the court's preservice dismissal, which we review de novo, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we first conclude that Ventura-Vera's pro se "motion to dismiss" was effectively a notice of dismissal of claims, see Fed. R. Civ. P. 41(a)(1)(A)(i) (stating that under qualifying circumstances, a plaintiff may dismiss an action without court order by filing a notice of dismissal before the opposing party serves an answer or a summary-judgment motion). Liberally construed, the "motion to dismiss" clearly indicated Ventura-Vera's intent to dismiss the claims in his complaint labeled "Claim A" and "Claim C." See Miller v. Norris, 247 F.3d 736, 739 (8th Cir. 2001) (liberally construing pro se plaintiff's motion in favor of plaintiff). Accordingly, the dismissal of these claims should have been without prejudice. See Fed. R. Civ. P. 41(a)(1)(B), (b) (directing that unless notice or stipulation of dismissal states otherwise and unless the plaintiff previously dismissed any federal or state action based on or including the same claim, dismissal is to be without prejudice; dismissal not designated otherwise generally operates as an adjudication on the merits).

Regarding the claim identified in the complaint as "Claim B," we affirm the District Court's dismissal order in all respects. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690–91 (1978) (local governmental body may be held liable under § 1983 only if alleged unconstitutional conduct implements official policy or custom);

---

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

Baker v. Chisom, 501 F.3d 920, 925 (8th Cir. 2007) (noting that the party in interest in an official-capacity suit is the governmental entity), cert. denied, 554 U.S. 902 (2008); Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (observing that pro se complaints, though liberally construed, must allege sufficient facts to support claims); Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that a § 1983 complaint must allege facts supporting any individual defendant's personal involvement in or responsibility for constitutional violations); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (stating that after Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ascroft v. Iqbal, 129 S. Ct. 1937 (2009), courts must apply the "plausibility standard" but remain obligated to construe pro se complaints liberally).

_____