# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————————

No. 00-1420EM

——————————

| | | |
|---|---|---|
| Texas Community Bank, N.A., | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | On Appeal from the United |
| | * | States District Court |
| | * | for the Eastern District |
| State of Missouri Department of | * | of Missouri. |
| Social Services, Division of | * | |
| Medical Services, | * | |
| | * | |
| Appellant. | * | |

——————————

Submitted: November 17, 2000

Filed: November 27, 2000

——————————

Before McMILLIAN, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

——————————

RICHARD S. ARNOLD, Circuit Judge.

Plaintiff Texas Community Bank lent money to two companies that operated several nursing homes in Missouri. When the companies went into receivership, the bank intervened in the state receivership proceeding and also filed suit in the United States District Court, naming as defendants the companies, the nursing homes, some private individuals associated with the companies, and various governmental and private debtors of the companies, including the Missouri Department of Social Services

(DSS).  Here at issue are only the claims against the Missouri DSS.  These claims sought declaratory and injunctive relief, the effect of which would be to satisfy the companies' debt to the bank by garnishing any Medicaid funds payable to the companies by DSS.

In its answer, the State of Missouri asserted affirmative defenses based on the Eleventh Amendment's guarantee of state sovereign immunity and also on abstention doctrine.  It later reasserted its Eleventh Amendment argument in a motion for judgment on the pleadings.  The District Court denied that motion but decided to abstain from the case in view of the state-court receivership action.  The State appeals from the denial of its motion.  We reverse.

I.

The bank has not filed a brief in this Court, apparently believing that the District Court's abstention renders the State's appeal inconsequential.  It does not.  Abstention in deference to state proceedings does dispose of the federal case, but without prejudice:  there remains the possibility that the bank could re-file its federal claim.  If the State's Eleventh Amendment argument is meritorious, then it is entitled to close off that possibility by having the bank's claim dismissed with prejudice.

As to the merits of the State's argument, the law is clearly settled.  The bank here has brought a suit in equity, in a federal court, against a State agency.  The cases relied on by the District Court, which hold that State officials may be sued in their official capacity provided that the plaintiff seeks injunctive relief rather than money damages, are off point.  The bank sued a State agency, not a State official, and State agencies may assert the Eleventh Amendment immunity of the State.  See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974).  We therefore reverse the District Court's denial of Missouri's motion for judgment on the pleadings.  On remand, the State will be entitled to a dismissal with prejudice to the re-filing of the federal-court suit.

## II.

The State has also asserted a claim for attorney's fees, arguing that its clear immunity from suit renders frivolous the bank's joinder of DSS. The attorney's fee dispute should be resolved, in the first instance, by the District Court.

Reversed and remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.