# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2425

_____

Roland Riemers; Mitch Sanderson,    *
individually and on behalf of all    *
persons similarly situated,    *
   *
       Appellants,    *
   *    Appeal from the United States
     v.    *    District Court for the
   *    District of North Dakota.
State of North Dakota,    *
   *    [UNPUBLISHED]
       Appellee.    *

_____

Submitted: June 14, 2006
Filed: June 16, 2006

_____

Before RILEY, MAGILL, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Roland Riemers and Mitch Sanderson (plaintiffs) appeal the district court's[1] dismissal of their pro se complaint against the State of North Dakota as the sole defendant. Plaintiffs alleged that North Dakota unlawfully discriminates against non-custodial parents in all areas of domestic relations. Because plaintiffs have failed to show that Congress has abrogated North Dakota's Eleventh Amendment immunity

_____

[1]The Honorable Ralph Erickson, United States District Judge for the District of North Dakota.

or that North Dakota has waived immunity with regard to plaintiffs' allegations, we agree with the district court that the Eleventh Amendment bars this suit.

We also reject plaintiffs' contention that the Ex Parte Young[2] exception saves their claims for injunctive relief.  See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Ex Parte Young doctrine creates exception to Eleventh Amendment immunity with regard to injunctive relief against state officials; doctrine has no application in suits against States and their agencies, which are barred regardless of relief sought).  Finally, we reject plaintiffs' contentions that this court should provide them with leave to amend their complaint, see Artis v. Francis Howell N. Band Booster Ass'n, 161 F.3d 1178, 1182 (8th Cir. 1998) (denying request on appeal to amend complaint to name defendant in his personal capacity, where plaintiff had had ample time to seek amendment, but failed to do so), and that dismissal should have been without prejudice, see Tex. Cmty. Bank v. Mo. Dep't of Soc. Serv., 232 F.3d 942, 943 (8th Cir. 2000) (if State's Eleventh Amendment argument is meritorious, it is entitled to preclude possibility of re-filing by having claim dismissed with prejudice).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____

_____

[2]Ex Parte Young, 209 U.S. 123 (1908).