# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3319

_____

| | | |
|---|---|---|
| Ronald Bradley, | * | |
| | * | |
| Plaintiff - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Monarch Construction, Inc., | * | **[UNPUBLISHED]** |
| | * | |
| Defendant - Appellee. | * | |

_____

Submitted: April 19, 2002

Filed: May 23, 2002

_____

Before WOLLMAN, BEAM and LOKEN, Circuit Judges.

_____

PER CURIAM.

Ronald Bradley hurt his back while employed as a Carpenter Supervisor by Monarch Construction, Inc., and underwent corrective surgery in September 1998. When he returned to work in November, Monarch advised that he no longer had a job. Bradley commenced this action, alleging that he was discharged in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*., and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. §§ 48-1101 *et seq*. At the close of

the evidence at trial, the district court[1] granted judgment as a matter of law in favor of Monarch, concluding that Bradley had failed to prove Monarch was a covered employer within the meaning of those statutes. Bradley appeals. We affirm.

The ADA and the NFEPA define "employer" to mean a person engaged in an industry "who has [fifteen] or more employees for each working day in each of [twenty] or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A); Neb. Rev. Stat. § 48-1102(2). Monarch is in the business of building homes, relying extensively on subcontractors for construction work. At trial, Bradley identified more than fifteen employees that he recalled working for Monarch during all or a substantial portion of 1997, the relevant calendar year for purposes of this appeal. However, neither party offered Monarch's payroll records for 1997, and the quarterly reports Bradley put into evidence did not show how many days each employee worked during a particular quarter. Applying the "payroll method" for determining this issue adopted by the Supreme Court in Walters v. Metropolitan Educational Enterprises, Inc., 519 U.S. 202 (1997), the district court concluded that Bradley had failed to prove Monarch had fifteen or more employees for each working day in twenty or more weeks in 1997. Bradley further testified that four persons sold homes in 1997 for Monarch Homes Real Estate, Inc., a related company, and argued they should be included in calculating Monarch's work force for purposes of the ADA and the NFEPA. Applying the "single employer" test adopted by this court in Artis v. Francis Howell North Band Booster Association, 161 F.3d 1178, 1184 (8th Cir. 1998), the district court concluded that Bradley had not presented sufficient evidence of interrelated operations to permit a reasonable fact-finder to find the Monarch companies were a single employer, and further concluded that the Monarch Homes sales persons were independent contractors.

---

[1]The HONORABLE ROBERT W. PRATT, United States District Judge for the Southern District of Iowa, sitting by designation.

After careful review of the record, we conclude that the district court correctly applied <u>Walters</u> and <u>Artis</u> in granting judgment as a matter of law in favor of Monarch on the evidence presented at trial in this case. We further conclude that a more lengthy opinion would have no precedential value. Accordingly, we affirm. <u>See</u> 8th Cir. Rule 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.