**Daniel LaFEE, Appellant,**

v.

**WINONA COUNTY, et al., Respondents.**

**No. C1–02–971.**

Court of Appeals of Minnesota.

Jan. 14, 2003.

Brian E. Cote, Cote Law Firm, Ltd., Minneapolis, MN, for appellant.

Michael J. Ford, Quinlivan & Hughes, P.A., St. Cloud, MN, for respondents.

Considered and decided by SHUMAKER, Presiding Judge, G. BARRY ANDERSON, Judge, and WRIGHT, Judge.

## OPINION

G. BARRY ANDERSON, Judge:

Appellant challenges the district court's order dismissing his complaint and asserts that his prior unsuccessful arbitration grievance does not preclude the present suit under 42 U.S.C. § 1983 and the Minnesota Human Rights Act. Appellant also challenges the district court's refusal to allow appellant to amend the original complaint to name respondent, Sheriff David Brand, as a defendant in his personal capacity. Because the district court erred by concluding that the grievance arbitration under the collective bargaining agreement bars appellant's section 1983 cause of action, we reverse and remand for trial. Further, because we conclude that the parties did not actually litigate and determine the issues related to appellant's MHRA claim, collateral estoppel does not preclude litigation of this issue upon remand. Finally, we conclude that the district court did not abuse its discretion by denying appellant's motion to amend the complaint to state a cause of action against respondent Brand personally.

## FACTS

Respondent Winona County employed appellant Daniel LaFee as a jailer and chief jailer, a title later changed to jail

administrator, from March 1974 until the county eliminated his position for budgetary reasons on March 13, 2000. Respondent David Brand was the Sheriff of Winona County when the county discontinued appellant's position.

Independent of the elimination of appellant's position, the county posted a detention-deputy job opening. Appellant applied for the job and was one of three finalists for the position. The county, however, selected Dean Singer, a 29–year–old part-time detention deputy whom appellant, as jail administrator, had hired, trained, and supervised.

Pursuant to an agreement collectively bargained for by appellant's union, Winona County Supervisors Association, appellant pursued an arbitration grievance concerning the elimination of his position. In that proceeding, the arbitrator found that cost constraints, not discrimination, were the reason for the elimination of appellant's position with the county. The arbitrator also found, regardless of whether the parties submitted the issue, that no evidence indicated that public officials were improperly motivated or influenced in hiring Singer instead of appellant for the detention-deputy position.

Appellant filed an action in district court, alleging respondents violated his civil rights under 42 U.S.C. § 1983 by retaliating against his exercise of his free speech rights enumerated by the First Amendment of the United States Constitution. Appellant also alleged that Winona County violated the Minnesota Human Rights Act (MHRA) by failing to hire him for the detention-deputy position.

Respondents moved for summary judgment and, during oral argument, appellant's counsel attempted to amend the complaint to include an allegation against Brand "in his individual capacity." Respondents objected to the oral motion, and

the district court directed appellant to bring a formal motion. On March 28, 2002, appellant served his notice of motion to amend the scheduling order and the complaint but did so without submitting supporting memoranda or affidavits. On April 10, 2002, the district court granted respondents' summary-judgment motion and dismissed the original complaint. Also on April 10, 2002, appellant served an amended motion to amend the complaint, this time supported by a memorandum of law and affidavit. The district court conducted a hearing on the motion to amend the original complaint, which had already been dismissed, and denied the motion without explanation. This appeal followed.

## ISSUES

I. Did the district court err by affording the arbitration proceeding collateral-estoppel effect in a subsequent civil claim under 42 U.S.C. § 1983 for violation of First Amendment rights?

II. Did the district court err by affording the arbitration proceeding collateral-estoppel effect in a subsequent civil claim based on the county's failure to rehire appellant under the Minnesota Human Rights Act?

III. Did the district court abuse its discretion by denying appellant's motion to amend his complaint to add a cause of action against respondent Brand in his individual capacity?

## ANALYSIS

On an appeal from summary judgment, we ask "whether there are any genuine issues of material fact" and "whether the lower courts erred in their application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990) (citation omitted). No genuine issue of material fact exists "[w]here the record taken as a whole could

not lead a rational trier of fact to find for the nonmoving party." *DLH, Inc. v. Russ,* 566 N.W.2d 60, 69 (Minn.1997) (alteration in original). On appeal, "the reviewing court must view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993) (citation omitted). In reviewing a pure question of law, this court need not defer to a trial court's decision. *Frost–Benco Elec. Ass'n v. State, Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

## I.

■ Appellant argues that the prior arbitration decision does not preclude his current claim under 42 U.S.C. § 1983 for violations of First Amendment free-speech rights. Appellant does not seek to overturn or obtain further review of the arbitrator's decision, but rather, asserts violations of independent statutory rights.

*McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), is applicable here. In *McDonald,* the city discharged an employee who then filed a grievance pursuant to the collective-bargaining agreement (CBA) then in effect between the city and the employee's labor union. *Id.* at 286, 104 S.Ct. at 1800–01. The grievance was arbitrated and the arbitrator concluded that there was just cause for the plaintiff's dismissal. *Id.* at 286, 104 S.Ct. at 1801. Without appealing the arbitration decision, the plaintiff filed a section 1983 action in federal court, alleging that his employer had discharged him for exercising his "First Amendment right of freedom of speech, freedom of association and freedom to petition the government for redress of grievances." *Id.* The Supreme Court held, in part, that the arbitration decision did not bar the plaintiff's claim because the complaint alleged that his employer's actions, independent of the terms of the collective-bargaining agreement, violated the United States Constitution. *Id.* at 290, 104 S.Ct. at 1803. The theory of *McDonald* is that in instituting an action under section 1983, "the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process." *Papapetropoulous v. Milwaukee Transp. Servs., Inc.,* 795 F.2d 591, 597 (7th Cir. 1986) (quotation omitted).

Likewise, appellant here did not appeal the adverse arbitration ruling. Appellant filed suit to assert violations of his rights under section 1983. In addition, the rationale behind the *McDonald* court's refusal to give an arbitration decision preclusive effect in a later section 1983 cause of action also applies here. First, the arbitrator may not have the expertise to resolve complex section 1983 issues. *McDonald,* 466 U.S. at 290, 104 S.Ct. at 1803. Second, because the arbitrator's power is dependent on the CBA, the arbitrator may not be able to enforce section 1983 rights. *Id.* For example, if federal law and the CBA conflict, the arbitrator is bound to enforce the agreement. *Id.* at 290–91, 104 S.Ct. at 1803. Third, because appellant's interests may not directly coincide with the interests of the union, the union may have presented appellant's grievance differently or less vigorously than appellant would have in civil litigation. *Id.* at 291, 104 S.Ct. at 1803. Finally, the fact-finding in an arbitration is not the equivalent to judicial fact-finding. *Id.*[1] Because federal stat-

---

1. For instance, "[t]he record of the arbitration proceedings is not as complete; the usual rules of evidence do not apply; and rights and procedures common to civil trials, such as discovery, compulsory process, cross-examination, and testimony under oath, are often severely limited or unavailable." *McDonald v. City of West Branch,* 466 U.S. 284, 291, 104 S.Ct. 1799, 1803–04, 80 L.Ed.2d 302 (1984) (quotation omitted).

utory rights under section 1983 exist independent from the CBA, we hold the union grievance does not preclude appellant's section 1983 claim.

Respondents argue that language in the CBA precludes appellant's suit because appellant originally chose to pursue an arbitration grievance rather than file suit under section 1983. The Labor Agreement reads:

> *Choice of Remedy:* Employees shall have the right to process a "grievance" through the provisions of this article or through a procedure established by law which is available to them, provided that no ["]grievance" shall be processed by an employee or the Association through both the provisions of the article and another available procedure. The employee must elect at the outset which procedure he or she will use.

■ Arbitration, however, cannot preclude a judicial proceeding to protect federal statutory rights. "[A]ccording preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights." *Id.* at 290, 104 S.Ct. at 1803. Accordingly, the choice-of-remedy clause in the labor agreement will not deprive appellant of a judicial proceeding for his section 1983 claim.

The district court did not discuss *McDonald*, instead discussing the finality of arbitration and the method for vacating an arbitration award. *See* Minn.Stat. § 572.19, subd. 1 (2002) (upon application of a party, the district court shall vacate an arbitration award if one of five factors is established). The district court also intimated that summary judgment was appropriate because appellant failed to satisfy the public-policy exception for vacating an

arbitration award. These arguments are irrelevant. First, appellant is not attempting to overturn an arbitration decision. Appellant instead asserts new claims against the county by relying on independent statutory rights. Second, the arbitrator did not purport to decide whether respondents violated appellant's statutory rights under section 1983. Rather, the issue decided was whether

> the elimination of the grievant's position of Jail Administrator [was] in fact a termination of his employment without cause in *violation of the Collective Bargaining Agreement?*

(emphasis added). The arbitrator determined whether the county violated the CBA; here appellant seeks vindication of his federal statutory rights. Under *McDonald*, a plaintiff may subsequently assert only violations of rights independent of the collective bargaining agreement. *Id.* at 290, 104 S.Ct. at 1803.

Although not cited by respondents, federal cases have distinguished the *McDonald* holding. For instance, in *Papapetropoulous*, the court held that the plaintiff failed to assert any statutory right independent of the arbitration. 795 F.2d 591, 597 (7th Cir.1986). The plaintiff filed a section 1983 action *after an unsuccessful arbitration*, and the court held that the plaintiff could not seek review of the arbitrator's decision on the same issues. *Id.* In contrast to *McDonald*, the seventh circuit held that because the plaintiff did not assert a constitutional or statutory right, but rather alleged "infirmities in the arbitration proceeding itself," it was appropriate for the court to dismiss the suit. *Id.*[2]

In contrast, appellant here is not alleging any infirmity in the arbitration process. As in *McDonald*, appellant is claim-

---

**2.** Plaintiff claimed that the arbitrator's decision to discontinue plaintiff's cross-examina-

tion of the alleged victim of his sexual abuse violated his due-process rights.

ing that separate statutory rights afford him relief independent of the collectively bargained agreement.

## II.

■ Appellant bases his age-discrimination claim under the MHRA on the county's failure to hire him for the entry-level position of detention deputy. Respondents argue that appellant intentionally injected the issue of discrimination into the arbitration and thus collateral estoppel precludes relitigation of this issue.

■ Collateral estoppel applies when

(1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Willems v. Comm'r of Pub. Safety,* 333 N.W.2d 619, 621 (Minn.1983) (citation omitted).

Respondents offer as evidence the parties actually submitted the age-discrimination claim a short series of questions asked by *respondents'* counsel:

Q: I take it then that the fact that you weren't hired for the Dean Singer position was something that the arbitrator was being asked to decide, is that your understanding?

A: I believe that's part of it, yes—well, I'm not really sure if that part of it—I'm not sure if that part of it came up at that time or not, I can't recall.

\* \* \* \* \* \*

Q: And at the time you submitted your claim to arbitration what was that claim?

A: A claim that I was unjustly selected out by Sheriff Brand because of animosity towards me by him for elimination of my position.

This excerpt indicates that, as appellant understood, the "elimination of my position" was the claim submitted for arbitration and that he was unsure of whether the age-discrimination claim was also involved.

Respondents also assert that whether or not the parties submitted the discrimination claim for arbitration, the arbitrator addressed it. In finding of fact number twenty-six, after summarizing the circumstances of appellant's interviews for the detention-deputy position, the arbitrator concludes: "[t]here is no evidence that Mr. Graff was improperly influenced or motivated" by choosing Singer for the detention-deputy position.[3]

But the rehiring of appellant was not an issue submitted for arbitration by the parties. The only issue before the arbitrator was whether

the elimination of the grievant's position of Jail Administrator [was] in fact a termination of his employment without cause in violation of the Collective Bargaining Agreement?

The question for the arbitrator, therefore, was not, as respondents argue, whether the failure to rehire appellant was proper. Because the arbitration was limited to only issues involved in the CBA, it is apparent that the failure to rehire appellant was outside of the protections of the agreement and irrelevant to the union grievance. Indeed, appellant's union, the Winona County Supervisors Association,

**3.** Wabasha County Chief Deputy Graff interviewed the three finalists with Chief Deputy Ganrude.

would have no incentive to arbitrate a claim related to a subsequent refusal to hire appellant for an entry-level position (i.e., not a "supervisor" position). Because we conclude the parties to the arbitration did not actually litigate the age discrimination issue, we reverse the district court and hold that collateral estoppel does not preclude appellant's discrimination claim.

## III.

 Finally, we address whether the district court abused its discretion by denying appellant's motion to amend the complaint to add a cause of action against Brand in his individual capacity. After responsive pleadings have been served, a party may amend its own pleading only by leave of the court or by the adverse party's written consent. Minn. R. Civ. P. 15.01. A district court should freely grant motions to amend when justice requires. Id. Nonetheless, a district court may properly deny an amendment to a complaint when the additional alleged claim cannot be maintained. *Hunt v. Univ. of Minn.*, 465 N.W.2d 88, 95 (Minn.App.1991). We will not reverse a district court's denial of a motion to amend a complaint on appeal absent a clear abuse of discretion. *Id.* at 95.

The district court denied appellant's motion to amend the complaint to include an allegation against Brand "in his individual capacity." Respondents argue that the court properly denied appellant's motion on the grounds of lack of timeliness, prejudice and waste of judicial resources.

 Appellant admits that Brand was not sued in his individual capacity originally but contends that the language of the complaint should have put Brand on notice that appellant was seeking individual liability against him. Specifically, appellant points to the heading, "Count II—Winona County, David Brand and Robert Reinert,"

and his prayer for relief asserted against "each Defendant" as sufficient to notify Brand that appellant was suing him in a personal capacity.

Appellant's arguments are unpersuasive. Although not binding on this court, the Eighth Circuit requires a clear statement of the plaintiff's claim to sue an official in his or her personal capacity.

> A suit against a public official in his individual capacity requires that the public official be named in his personal capacity as an individual. If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity.

*Artis v. Francis Howell N. Band Booster Ass'n Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998). "Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir.1995).

In this particular and specific case, appellant has not cited any Minnesota law that would directly address the amendment of the complaint permitting assertion of a claim against Brand in his personal capacity. Because we find the analysis in *Artis* persuasive and because it is doubtful the complaint clearly notified Brand that appellant was bringing an action against him personally, we conclude that the district court did not abuse its discretion by refusing to grant appellant's motion to amend the complaint.

## DECISION

Because appellant's action under 42 U.S.C. § 1983 permissibly seeks to vindicate statutory rights existing independent of the arbitration process, the district court erred by affording collateral-estoppel effect to the arbitration award. Further, because the parties did not actually arbi-

trate appellant's MHRA age-discrimination claim, collateral estoppel does not preclude appellant from commencing an action to enforce his rights under the MHRA. Finally, the district court did not abuse its discretion by refusing to allow appellant to amend the complaint to assert a personal cause of action against Brand.

**Affirmed in part, reversed in part, and remanded.**