# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1934

_____

Gary Bird, Deceased, by and through
his next friend Greg Bird,

        Appellant,

    v.

Jefferson County Sheriff's Department;
Sheriff Oliver Glen Boyer, Individually,

        Defendants,

Deputy Drew Crews, DSN: 15,
Individually; Deputy Tim Groat,
DSN: 132, Individually,

        Appellees,

Lieutenant Terry Thomas, DSN: 772,
Individually; Deputy Jeff Sengheiser,
DSN: 168, Individually,

        Defendants.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Eastern District of Missouri.
\*
\*  [UNPUBLISHED]
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

Submitted:  January 22, 2010
Filed: January 28, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Greg Bird (Bird), on behalf of decedent Gary Bird, appeals the District Court's adverse grant of summary judgment in this civil rights action under 42 U.S.C. § 1983. For reversal, he argues that the District Court erred in concluding that the two remaining defendants, Drew Crews and Tim Groat, were not sued in their individual capacities and that the court improperly granted summary judgment "sua sponte" on Count III of the complaint.

We first address the District Court's summary judgment ruling on Count III of the complaint. Because Count III was specifically addressed in the motion for summary judgment filed by Crews and Groat, the court's ruling on Count III was not sua sponte. Furthermore, we agree with the District Court's conclusion that Count III could not be construed as a claim against either Crews or Groat and that the only defendants who could have been subject to this claim were among those whom Bird voluntarily dismissed with prejudice. We therefore affirm on this issue.

We disagree, however, with the District Court's narrow construction of the complaint with respect to the capacities in which Crews and Groat were sued in Counts I and II. Because the complaint expressly stated that Bird was suing Crews and Groat "Individually" and because Bird's opposition to Crews and Groat's summary judgment motion left no doubt that Bird intended to sue Crews and Groat in their individual capacities, it was error for the court to conclude that Bird sued Crews and Groat in their official capacities only. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (observing that liberal notice pleading is part of a system adopted to "focus litigation on the merits of a claim"); Jackson v. Crews, 873 F.2d 1105, 1107 (8th Cir. 1989) (suggesting that § 1983 litigants "clearly indicate both the parties being sued and their capacity in the caption"); cf. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants."); Rollins v. Farmer, 731 F.2d 533, 535 (8th Cir. 1984) (reversing in part and remanding where the district court granted defendant police officer's

motion for directed verdict on the ground that the plaintiff had sued defendant in his official capacity only and had failed to prove a custom or policy of the city that violated plaintiff's rights and reasoning that "[a]lthough the complaint and the arguments of plaintiff's counsel at trial were not as clear as they should have been . . . , there is little doubt that the pretrial conference defined the suit as one against [the defendant] in his individual as well as his official capacity").

Given the present state of the summary judgment record, we note that a genuine issue exists as to whether Crews and Groat acted objectively reasonably under all the relevant circumstances. See Hassan v. City of Minneapolis, Minn., 489 F.3d 914, 919 (8th Cir. 2007) (noting that in an excessive-force claim under § 1983, the question is whether the officers' actions were objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation).

Accordingly, we affirm the District Court's disposition of Count III, reverse the court's determination that Crews and Groat were not sued in their individual capacities in Counts I and II, remand the case for further proceedings on the claims in Counts I and II against Crews and Groat in their individual capacities, and affirm the judgment of the District Court in all other respects.

_____